### GEORGIA MILK PRODUCERS' ASSOCIATION *v.* CRANE.

HOLDEN, J. Crane levied an attachment for the purchase-money on certain personalty sold to Crosby. At the time the property was sold Crane took from Crosby a note wherein the title to the property was retained in Crane until the purchase-price was paid. The note was not recorded in the county wherein Crosby resided. A corporation filed a claim to the property. The evidence authorized the following findings of fact: Crane sold the property to Crosby individually, and the latter sold it to the claimant while he was general manager and secretary and treasurer thereof. The purchase-money was paid by the claimant to Crosby in the issuance of stock to him, and this latter sale was made and the stock issued while the president and other stockholders of the claimant were present. *Held*, that, under the circumstances named, the fact that Crosby held the offices stated at the time of the sale by him to the corporation would not charge the latter with notice of the

retention of title by Crane. *Pursley* v. *Stahley*, 122 *Ga.* 362 (50 S. E. 139; *People's Bank* v. *Exchange Bank*, 116 *Ga.* 820 (43 S. E. 269, 94 Am. St. R. 144); 31 Cyc. 1592.

(a) Under the above ruling, it was error requiring a new trial to charge the jury as follows: "If you believe that this claimant had notice, personal notice to its general officers or agents, that this property was purchased from Mr. Crane, and that he retained title, and had not been paid for it, then they could not acquire a good title to it by subsequently buying it from Mr. Crosby, and they would not be entitled to prevail in this case. If they did not have notice personally, but if Mr. Crosby was the general agent and general manager of this concern, then the fact that he knew that this property had not been paid for would be counted as notice to them; but the fact that he had entered into a contract with them, under seal, would not of itself be notice to them, but the question would be: did he, as the general manager or as the secretary and treasurer of the company, have such charge of the business as would authorize him in the due course of business to have a transaction like this? If he made such a transaction, then the company could not buy from him without paying the balance of this purchase-money, so as to defeat the plaintiff of his right under the reserved title, if you believe he had reserved title."

*Judgment reversed. Beck, J., absent. The other Justices concur.*

OCTOBER 12, 1911.

Claim. Before Judge Ellis. Fulton superior court. December 7, 1910.

*J. J. Barge*, for plaintiff in error. *W. M. Everett*, contra.