## HARDEE, receiver, *v.* TIETJEN.

1. On the trial of a suit brought by the receiver of a corporation, to recover the price of stock alleged to have been subscribed by a stockholder, whose defense was that he subscribed for a certain number of shares for which he had paid according to contract, but that the number of shares set opposite his name on the subscription list was raised to a larger number by some one not authorized by him, the price of which excess number of shares the suit was brought to recover, it was not error requiring a new trial, under the facts of the case, for the court to decline to allow in evidence, when offered by the plaintiff, the stock book of the corporation containing a blank stock certificate signed by the defendant as president of the corporation, and the stub attached thereto, which read "certificate No. 54 for 25 shares issued to" the defendant, the number of shares named being in excess of the number the defendant conceded to have subscribed, where he, as a witness in his own behalf, gave evidence showing the existence and contents of the stub and certificate as contended by the plaintiff.

2. It was not error to allow the introduction in evidence of the receipt set out in the second division of the opinion, for the reason there stated.

3. Under the facts of this case, it was not error for the court to decline to give the following instruction to the jury: "If you find from the evidence that the treasurer of the Savannah Sand Lime Brick Company had its subscription list, and that subscription list had on it the name of John F. Tietjen, with 50 shares written thereafter, and the treasurer was charged by the corporation with the duty of collecting such subscription, then, at the time the treasurer of the corporation ascertained that such subscription was 50 shares, the treasurer knew it, and John F. Tietjen when he became president of the corporation would be chargeable with such knowledge."

AUGUST 14, 1913.

Equitable petition. Before Judge Charlton. Chatham superior court. August 3, 1912.

*E. S. Elliott,* for plaintiff. *Adams & Adams,* for defendant.

HILL, J. W. P. Hardee, as receiver of the Savannah Sand Lime Brick Company, brought his action for an alleged unpaid subscription to the capital stock of that company against John F. Tietjen. The petition alleged that the defendant subscribed for 50 shares of the capital stock of the company, of the par value of $100 per share, to wit, the sum of $5,000, and had paid only $2,000, leaving $3,000 still due by him to the company. A demurrer to the petition as amended was overruled. The defendant filed an answer, denying that he subscribed for 50 shares of the stock, but averring that he subscribed for 20 shares, to be paid for in 200 acres of land; and that he had paid for his stock in the manner provided for in the contract of subscription, and had ob-

tained a certificate covering these 20 shares. The jury returned a verdict for the defendant. A motion for a new trial was overruled, and the plaintiff excepted.

There was abundant evidence to sustain the verdict. Numerous grounds of error were assigned on the admission of evidence, refusal to admit evidence, excerpts from the charge of the court, and a failure to charge as requested. We have examined each ground of the motion carefully, and have come to the conclusion that none of these assignments possess sufficient merit to require the grant of a new trial.

1. One ground of error assigned is that the court declined to allow in evidence, when offered by the plaintiff, the stock book of the Savannah Sand Lime Brick Company, containing certificate No. 54, which consisted of a stub and certificate. The stub read (omitting the immaterial parts), "certificate No. 54 for 25 shares issued to J. F. Tietjen." Stock certificate No. 54 itself, attached to the stub, was in blank, "signed John F. Tietjen, President." The stub and certificate were offered as tending to show that there were 25 shares of stock issued to J. F. Tietjen. The stock certificate was in blank form, signed by Mr. Tietjen, which signature was proved. Exception is taken to the refusal of the court to allow the stub and certificate in evidence, for the reason that as the certificate was signed by Mr. Tietjen, and his signature was not denied but was proved, the weight of the offered evidence was for the jury and not the court. Even if the stub and certificate were admissible in evidence, it was not harmful error under the facts of this case, requiring a new trial, to exclude them, as the defendant Tietjen, as a witness, gave evidence tending to show that, while he signed the certificate in blank, both the stub and certificate were filled out by some one other than himself, without his knowledge or consent. His testimony tended to show the existence of the stub and certificate as contended, but it also explained that he did not insert or authorize to be inserted the words "25 shares of stock" in the stub. There was no conflict in the evidence, which tended to show that the defendant signed the stock certificate in blank, that he did not have possession of the stock book containing the certificate and stub attached thereto after the certificate was signed by him in blank, that the stub was filled out by another without the defendant's knowledge or consent, and that it was in the pos-

session of another officer of the corporation, and the defendant did not know of the contents of the stub and certificate while they were in the possession of the other officer.

2. Error was assigned because the court allowed the defendant to put in evidence, over the objection of the plaintiff, a certain receipt, as follows: "Office of G. B. Whatley, Attorney & Counsellor at Law, Room 18 Provident Building. Telephone 1177. Savannah, Ga., January 26, 1905. This is to certify that John F. Tietjen has signed his name to the Sand Lime Brick Company for $2,000, to be paid for in 200 acres of land containing the sand from which the bricks are to be made, situated at Eden, Georgia. [Signed] W. G. Paschall. [Signed] G. B. Whatley." The objection urged to the introduction of the receipt as evidence was, "that the company never authorized or accepted the contract; also, that the original subscription by Mr. Tietjen, being the subscription sued on, was before the court, and that the plea filed was not a plea of non est factum, and the contract did not appear to be complete in reference to the subscription to which Mr. Tietjen had signed his name, and that the name of the company was the Sand Lime Brick Company, and not the Savannah Sand Lime Brick Company. The evidence of G. B. Whatley, whose name appears signed to the receipt (the other signer being dead), tended to show that he wrote out and signed it, and at the time was representing the promoters of the company, and that Mr. Tietjen subscribed and paid for only 20 shares of stock. The minutes of the company, which were put in evidence, showed that it was sometimes called Sand Lime Brick Company, and sometimes Savannah Sand Lime Brick Company. We think the evidence was admissible, and that the court did not err in so ruling. See *Howard* v. *Glenn*, 85 *Ga.* 238 (9), 239 (11 S. E. 610, 21 Am. St. R. 156).

3. The refusal to give the following instruction to the jury is assigned as error: "If you find from the evidence that the treasurer of the Savannah Sand Lime Brick Company had its subscription list, and that subscription list had on it the signature of John F. Tietjen with 50 shares written thereafter, and the treasurer was charged by the corporation with the duty of collecting such subscription, then, at the time the treasurer of the corporation ascertained that such subscription was 50 shares, the treasurer knew it, and John F. Tietjen when he became president of the

corporation would be chargeable with such knowledge." It is insisted, that the defendant knew his subscription was for 50 shares of stock; that even if the subscription was originally for 20 shares and had been raised to 50 shares, as he contended, the treasurer of the corporation knew the list showed it was for 50 shares, and this was also notice to the defendant, who was president of the corporation; and that if he took no steps to repudiate it, he will be considered in laches, and as being estopped from setting up any defense to the suit filed thereon. As to the first proposition, it is a question of fact as to whether the defendant knew the subscription list was for 50 shares as being subscribed by him. On this question the evidence was conflicting, and the jury found with the defendant, and under the evidence was authorized so to do.

We next consider the contention that the list showed that the defendant's name was on the list for 50 shares, and the treasurer of the corporation had the list and knew this, and that notice of that fact to the treasurer was notice to the president, who was John F. Tietjen, the defendant. There was evidence tending to show that the treasurer of the corporation had in his possession the list of subscribers to the capital stock, and that this list showed that opposite the name of J. F. Tietjen were the words "50 shares." The evidence for the defendant tended to show that he subscribed for only 20 shares of the stock, which were to be paid for with 200 acres of land, and this was done. It also tended to show that the defendant did not see the list with the words "50 shares" opposite his name, or know of it, and had no knowledge of his subscription having been raised from 20 to 50 shares. In view of the evidence in the case, and the general charge of the court, we think the court did not err in declining to give the requested instruction to the jury. While, as a general rule, notice to an agent of a corporation, acting for it in connection with its business and within the scope of his agency, is notice to his principal (Wade on Notice (2d ed.), § 672), we do not think that notice to one agent of a corporation that the stock subscription of another agent has been raised is notice to the other agent of the same corporation as a private stockholder, so as to charge him with notice that his stock subscription has been raised from the amount which he subscribed to a higher amount. See *Georgia Milk Producers Association* v. *Crane,* 137 *Ga.* 50 (72 S. E. 414); 31 Cyc. 1587 (4).

The principle here ruled applies to the other assignments of error, which raise substantially the same question in varying forms as the question here decided. The charge of the court as a whole covered the issues in the case, and was as favorable to the plaintiff as he was entitled to. The other assignments of error are without merit. *Judgment affirmed. All the Justices concur.*