### 5998.   SCHROETER & BROTHER v. SLIDER.

WADE, J.  1. It is not within the province of this court to set aside a verdict returned by a jury, where there is evidence accepted by them as true which supports their finding on every material issue, even should it appear to the members of this court, who neither heard the testimony delivered nor observed the demeanor of the witnesses on the stand, but are confined to the record, that the weight of the evidence was perhaps against the finding. Upon the jury rests the sole responsibility of determining what witnesses they will believe, and this court can not attempt to analyze the possible reasons for their belief, if there be any evidence warranting the verdict.

2. A certain "ledger was offered in evidence after witnesses for defendant had sworn it was not the book of original entry, but was copied from original expense books and original checks, and up to the time this ledger was offered in evidence none of the original expense books and checks had been offered." The evidence disclosed that the book tendered in evidence was "made up from original expense books furnished by plaintiff," and that it was "posted from the original expense books and checks," which "canceled checks corresponded with all checks on this account" against the plaintiff on the book tendered, and which, together with the "original expense books" themselves, were in existence, were in the possession of the defendants, and were actually introduced in evidence. To afford ground for reversal, both error and injury must concur; and even if the book which was rejected should have been admitted for any reason as a book of original entry, its exclusion could have worked no harm to the plaintiffs in error, who proved the same facts by original memoranda which they were permitted to introduce.

3. The appellate division of the municipal court of Atlanta did not err in overruling the motion for a new trial.          *Judgment affirmed.*

DECIDED JUNE 28, 1915.

Complaint; from municipal court of Atlanta. May 25, 1914.

*Dillon, Burress & Koback,* for plaintiffs in error.

*T. B. Higdon,* contra.