### 9312.　ELBERT COUNTY *v.* THRELKELD.

BROYLES, P. J.　The verdict for the plaintiff for the amount stated therein was authorized by the evidence, and no error requiring the grant of a new trial appears.

　　　　　*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*

DECIDED JANUARY 22,—REHEARING DENIED FEBRUARY 1, 1918.

Action for damages; from Elbert superior court—Judge W. L. Hodges.　October 12, 1917.

*Z. B. Rogers,* for plaintiff in error.

*George C. Grogan,* contra.

ON MOTION FOR REHEARING.

BROYLES, P. J.　The motion for a rehearing of this case is made upon the following ground: "Because the court overlooked the following material fact: nowhere in the record does it appear that any written claim or demand was made by the plaintiff below on the defendant within twelve months from the date of the alleged injury, nor was suit filed within said twelve months; and without proof of either of these facts, the verdict is contrary to law and without evidence to support it."

As to whether the suit was filed within twelve months, the petition alleges and the undisputed evidence shows that the cause of action arose in May, 1914; and the record discloses that the petition was filed on August 17, 1914, and that on the same day process was issued; and the defendant acknowledged service of the petition and process, and waived all other and further service.

As to the other contention, that it did not appear from the evidence that any written claim or demand had been made by the plaintiff upon the defendant within twelve months from the date of the alleged injury, sued for, it is a well-known rule that where the truth of an allegation of fact in a petition is expressly admitted

in the defendant's answer, there is no issue upon that point, and it is entirely unnecessary for the plaintiff to sustain such allegation by evidence. Paragraph 9 of the petition is as follows: "That, within twelve months after the injury, petitioner made and presented his account for the loss of said mule and for the expenses incurred as aforesaid, to the county commissioners [of Elbert County], which account they refused to pay." Paragraph 9 of the defendant's answer, prepared by the same counsel who has filed the present motion for a rehearing, is as follows: "It [the defendant] admits that the plaintiff presented his account for damages to said mule to it within twelve months from the date of the injury, and the defendant refused to pay it." In our opinion this paragraph of the answer amounted to an admission that the claim had been presented in the manner required by law.

Moreover the filing and the serving of the petition, in this case, within twelve months after the occurrence of the injury sued for, was a sufficient presentation of the claim to the county officials within the meaning of section 411 of the Civil Code of 1910. *Dement* v. *DeKalb County,* 97 *Ga.* 733 (25 S. E. 382); *Pearson* v. *Newton County,* 119 *Ga.* 863 (47 S. E. 180). See also, to the same effect, *Troup County* v. *Boddie,* 14 *Ga. App.* 434 (81 S. E. 376).    *Motion denied.*