22839. SIRMANS v. SIRMANS.

SUBMITTED FEBRUARY 8, 1965—DECIDED MARCH 10, 1965.

*Elsie H. Griner, Hugh D. Wright,* for plaintiff in error.
*Edward Parrish, Fred T. Allen,* contra.

ALMAND, Justice. This case commenced when Chester Sirmans, the named executor in the purported will of T. T. Sirmans, applied to the Court of Ordinary of Lanier County to probate the alleged will of T. T. Sirmans. Mrs. Bessie Dora Sirmans, widow of T. T. Sirmans, filed a caveat on the ground that the will offered for probate was a forgery and not the will of T. T. Sirmans. The caveat was sustained and the propounder appealed to the Superior Court of Lanier County. A trial was had before a jury and the jury returned a verdict in favor of the caveatrix. The propounder filed a motion for new trial which was overruled. By bill of exceptions error is assigned on the order overruling the motion for new trial.

■ In the first ground of the motion for new trial it is asserted that the jury's verdict is without evidence to support it. This contention is without merit. The single issue in the case was whether or not the purported will of T. T. Sirmans was a forgery. Though the evidence was in conflict, there was testimony that the signature on the will in question was not the signature of T. T. Sirmans. This was sufficient evidence from which the jury could find that the purported will of T. T. Sirmans was a forgery.

■ The second ground of the motion for new trial challenges the correctness of the following charge: "Where, in the opinion of the jury, the evidence is equally balanced on each side, where the jury believe the witnesses on each side equally credible,

where the jury believe the evidence is as strong on one side as on the other, then a preponderance of evidence would not be carried, and in such case it would be the duty of the jury to return a verdict in favor of the defendant, or caveatrix, Mrs. Bessie Dora Sirmans." It is argued that the charge was misleading and confusing and that the charge "in effect directed the jury to return a verdict for the caveatrix if they believed the evidence as balanced and relieved the caveatrix of carrying the burden of proof alleged in her caveat."

The above quoted charge was not erroneous for the reasons assigned. This charge stated a sound abstract principle of law and was not subject to the objection that it was confusing or misleading or that it in effect directed the jury to return a verdict in favor of the caveatrix. The burden of proof is on the propounder to establish a prima facie case. The case of *Sheffield v. Sheffield*, 209 Ga. 869 (76 SE2d 708) is not in conflict with this ruling because the caveat in that case contained a ground (that of a material alteration in the will) which the caveator must establish by proving a prima facie case.

■ In the third and final ground complaint is made because the court charged the jury as to certain contentions made by the caveatrix in her caveat to the will. There was no evidence to support these contentions. In *Robertson v. Abernathy*, 192 Ga. 694, 698 (16 SE2d 584) it is said: "it is not reversible error to merely state correctly the contentions as made by the allegations of the petition, even though some of the contentions may not be supported by the evidence." This ground of the motion is without merit.

The court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*