41321, 41322. YOUNG MEN'S CHRISTIAN ASSOCIATION
v. BAILEY; and vice versa.

ARGUED MAY 4, 1965—DECIDED OCTOBER 29, 1965—
REHEARING DENIED NOVEMBER 23, 1965.

686

*Greene, Neely, Buckley & DeRieux, Ferdinand Buckley, James A. Eichelberger,* for plaintiff in error.

*G. Seals Aiken, W. O. Slate,* contra.

EBERHARDT, Judge. ■ The court erred in granting a new trial on special ground 4. In her petition plaintiff alleged that the defendant is a charitable organization. In the light of that (except as to administrative or corporate negligence) it was necessary to allege that it owned noncharitable assets out

of which she might expect to satisfy any judgment that might be obtained. *Cox v. DeJarnette,* 104 Ga. App. 664 (123 SE2d 16); *Morehouse College v. Russell,* 219 Ga. 717 (135 SE2d 432). In the absence of that allegation the action could not have been maintained insofar as recovery was sought for the negligence of servants, because of the doctrine of charitable immunity. *Butler v. Berry School,* 27 Ga. App. 560 (1) (109 SE 544). But when it appears that there are noncharitable assets a charitable institution may be held for injuries negligently inflicted, the recovery to be satisfied only out of the noncharitable assets or income. *Morton v. Savannah Hospital,* 148 Ga. 438 (96 SE 887). Where the noncharitable asset is a liability insurance policy, that may be pleaded. *Cox v. DeJarnette,* 104 Ga. App. 664, supra; *Morehouse College v. Russell,* 219 Ga. 717, supra.

It was sufficiently pleaded when plaintiff alleged that the "defendant owned and held certain assets and property on May 4, 1955, for noncharitable purposes and among the noncharitable assets and property to which the defendant held title on May 4, 1955, was and is a public liability policy issued by Globe Indemnity Company of New York insuring the defendant for homicide liability for damages to third persons for which the defendant shall become legally obligated to pay third persons, such as your petitioner, arising out of the ownership or occupancy or maintenance or use of the premises occupied by the defendant at 145 Luckie Street in the City of Atlanta, and especially its swimming pool on said premises in which plaintiff's minor son, Ronald Bradley Bailey, was drowned on Wednesday afternoon, May 4, 1955, and all operations necessary or incidental thereto." To this allegation defendant, in its answer, "admits that it owned a certain general liability policy issued by Globe Indemnity Company to it, and in effect on May 4, 1955, insuring it for legally imposed liability resulting from injuries to persons on its premises, including death resulting from such injuries."

With this allegation and its admission plaintiff's right to proceed against the defendant as a charitable institution seeking to recover for the death of her son on account of negligence of

the defendant's servants and employees was established. Attaching a copy of the policy by amendment could add nothing in that respect.

Although it was asserted in the notice to produce, and in plaintiff's exceptions, that the policy was desired for use in qualifying the jury there is no exception charging that the jury was not qualified as to the insurer, Globe Indemnity Company, nor has counsel for the plaintiff contended that there was any failure of the court so to qualify the jurors. It would have been neither necessary nor proper to submit the policy to the jurors in qualifying them; they could only have been asked touching their relationship to the company, its stockholders and directors. It affirmatively appears from this special ground of the motion that the court was supplied with the information necessary for qualifying the jurors.

This leaves only the matter of plaintiff's proposal to introduce the policy into evidence. The only legitimate purpose in doing so would have been to establish the truth of the allegation as to the existence of the policy, its ownership by the defendant, and that it insured against any liability of the defendant legally imposed for her son's death,—thus proving the allegation of the existence of noncharitable assets. All of these things were admitted and proof was wholly unnecessary. *Code* § 81-103; *Jester v. Bainbridge State Bank*, 4 Ga. App. 469 (5) (61 SE 926). Indeed, it would have been proper to exclude it. "It is not error to exclude evidence as to matters about which there is no dispute." *Hendrick v. Daniel*, 119 Ga. 358 (2) (46 SE 438). "[W]here the truth of an allegation of fact in a petition is expressly admitted in the defendant's answer, there is no issue upon that point, and it is entirely unnecessary for the plaintiff to sustain such allegation by evidence," (*Elbert County v. Threlkeld*, 21 Ga. App. 663 (94 SE 816)), for "[w]ithout an issue there is nothing to try." *Sims v. State*, 221 Ga. 190, 191 (144 SE2d 103). "It is not error to exclude from the evidence the charter of a party the corporate existence of which is admitted by the opposite party." *Dixie Freight Lines v. Transportation, Inc.*, 53 Ga. App. 832 (3) (187 SE 281). The admission of a document which has been admitted by the opposite

party, over objection, may be error under some circumstances. *Freeman v. Metropolitan Life Ins. Co.,* 35 Ga. App. 770 (3) (134 SE 639). The averment in the answer stands as a solemn admission in judicio, which the defendant may not controvert by the introduction of evidence. *Florida Yellow Pine Co. v. Flint River Naval Stores Co.,* 140 Ga. 321, 322 (78 SE 900). "There is no reversible error in excluding evidence offered to prove a fact which is admitted or fully established by other evidence. See *City of Conyers v. Kirk & Co.,* 78 Ga. 480, 484 (4) (3 SE 442); *Hardee v. Tietjen,* 140 Ga. 527, 528 (1) (79 SE 117); *Kirkman v. Ashford,* 145 Ga. 452, 456-457 (3) (89 SE 411); *Schroeter & Bro. v. Slider,* 16 Ga. App. 522 (2) (85 SE 787); *Oxford v. Horsley,* 44 Ga. App. 821, 822 (2) (163 SE 284); *Louisville &c. R. Co. v. McCamy,* 72 Ga. App. 769, 773 (2) (35 SE2d 206); *Willis v. Midland Finance Co.,* 97 Ga. App. 443, 444 (1) (103 SE2d 185); *Choate v. Carter,* 98 Ga. App. 375, 379 (5) (105 SE2d 909)." *Mitchell v. Gay,* 111 Ga. App. 867, 873 (143 SE2d 568).

"Proof of such allegation having been dispensed with by the admission in the answer, the ground of the motion now considered is obviously without merit." *Bank of Emanuel v. Hall,* 33 Ga. App. 358, 361 (126 SE 728).

"The fact that defendants in a negligence action are protected by liability insurance can throw no light on the question of negligence or other circumstances of the accident, and is inadmissible in evidence." Greene v. Charlotte Chem. Lab., Inc., 254 NC 680, 687 (120 SE2d 82). Moreover, "insurance limitations have no part in the trial of actions relating to personal injuries or property damage." Spaulding v. Zimmerman, 263 Minn. 346, 355 (116 NW2d 704, 8 ALR2d 460).

A different result is not required by the cases of *Cox v. De-Jarnette,* 104 Ga. App. 664, supra, or *Morehouse College v. Russell,* 219 Ga. 717, supra. In neither of those cases did it appear that there was an admission by the defendant of an allegation of the existence of a liability insurance policy as a noncharitable asset as appeared here. Consequently, the courts were dealing with a different situation in those cases. In *Cox,* where the allegation of the petition was substantially the same as here, the court had for consideration *rulings on demurrer*

*only.* The court's assertion that "Upon the trial it will be necessary to prove the insurance policy" is correct *if its existence is not admitted.* There was nothing before the court for consideration beyond the correctness of a ruling on demurrer to the petition. Since the answer of the defendant was not before the court, it did not appear whether the existence of the policy would be admitted or denied. Consequently, the holding that "[w]here, as here, the existence of the cause of action is based upon, indeed is dependent upon, the liability policy as a noncharitable asset, it is essential that it be set forth in the petition," simply meant that it was essential that the existence of the asset be alleged—and approval was given to the allegation in that petition which, as we have said, was substantially the same as that here. It was not held to be a requirement that the policy be attached to or incorporated in the petition. That would impose a difficult, if not generally impossible, burden on the plaintiff—for he has no access to the policy when preparing his petition. While it was held in *Morehouse College v. Russell,* 219 Ga. 717, supra, that the policy *"may* be pleaded in the petition or attached thereto," it was not held to be a requirement;[2] nor was it held that an allegation in the language of the petition here, admitted in the answer, would not be sufficient to enable the plaintiff to proceed.[3]

In the charge the court fully instructed the jury with reference to the matter of the insurance as a noncharitable asset, informing them that any finding of liability on account of the negligence of the defendant's servants would be payable out of it.

Special ground 4 is without merit and the court erred in granting a new trial on it.

*The cross bill.* Wherever a consideration of evidence is involved in a determination of whether there is error as alleged it must be remembered that "[a]fter the verdict, the testimony

---

[2]Cf. *Massey v. State,* 220 Ga. 883, 890 (142 SE2d 832).

[3]In a special concurring opinion to *Lamb v. Redemptorist Fathers of Ga., Inc.,* 111 Ga. App. 491 at 498 (142 SE2d 278) will be found my views, as well as those of Presiding Judge Bell and Judge Hall relative to the matter of requiring the fact of insurance to be pleaded in suits against charitable institutions.

is construed in its most favorable light to the prevailing party . . . for every presumption and inference is in favor of the verdict." *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146). Accord: *Southern R. Co. v. Brock,* 132 Ga. 858, 862 (64 SE 1083); *Stapleton v. Amerson,* 96 Ga. App. 471 (5) (100 SE2d 628).

In all, save perhaps three, of the remaining special grounds of the amended motion (overruled by the trial court) it is urged that this court in *Bailey v. Y.M.C.A.,* 107 Ga. App. 417 (130 SE2d 242) established as the "law of the case" that the defendant was negligent in connection with the death of plaintiff's son, or that it was established that the evidence proved the existence of negligence on defendant's part. It was not so held in that case. That was an appeal from the grant of a new trial on the general grounds after direction of a verdict. A reversal could have resulted only if a consideration of the evidence disclosed that there was *no evidence* from which the jury might have found the defendant to be negligent. Examining the evidence in that record this court concluded there was evidence sufficient to raise a jury question as to whether the defendant may have been negligent in some respect, agreed that the direction of the verdict had been improper, and affirmed the grant of the new trial. Nothing in that decision can be construed as holding, *as a matter of law,* that negligence on the part of the defendant was established. It simply recognized the existence of a jury question. Consequently, the repeated assertions running through these grounds of the amended motion that various portions of the charge excepted to are "in direct conflict with the decision of the Court of Appeals fixing the law in this case," are unfounded.

In four of the special grounds (10, 15, 16 and 19) portions of the charge are excepted to, inter alia, because these "deprived plaintiff of the jury's right to consider the doctrine of res ipsa loquitur" in arriving at how her son may have died and fixing responsibility therefor. That doctrine had no applicability to the facts of this case. Plaintiff's son was discovered lying on the bottom of the pool and when he was retrieved it was learned that the boy was dead. There is no proof of how

he may have died, or of what may have caused his death save the circumstances that he was a boy who could not swim and that the water where he was found was over his head. There was some evidence that he may have jumped into the pool at the deep end, but there was also evidence that after entering he was seen playing with some of the other boys at the shallow end. The pool was clearly marked as to depth from the shallow end to the deep portion at the opposite end. There was nothing to indicate that it was defective in any respect or that it contained hidden mantraps or concealed dangers. The mere fact that it was under the control and supervision of the defendant is not enough to invoke the rule, nor is the added fact that plaintiff's son was under the direction and supervision of defendant's employees at the time, for the total facts are sufficient to show that other causes, including the possibility of wrongful conduct on the part of the boy himself, may have caused or contributed to his injury and death. *Harrison v. Southeastern Fair Assn.*, 104 Ga. App. 596, 603 (122 SE2d 330); Prosser on Torts, 2d Ed. § 42, pp. 199, 208-209. The boy, knowing his own inability to swim, may have ignored the obvious danger of going into deep water, unmindful of the plain and clear markings of the water's depth. Before the inference afforded by this doctrine could be invoked it must have appeared that (a) there was nothing to indicate that the boy's death resulted from an external cause, (b) the peculiar character of the accident was sufficient within itself to indicate that it *must have been brought about by negligence on the part of some one other than the boy himself,* (c) the instrumentality serving as the vehicle of death was under the complete control of the defendant, (d) that there was some defect in it which caused or contributed to the death of the deceased, and (e) that the most reasonable and probable inference which could be rationally drawn from the happening of the event was that it would not and could not have happened had not the defendant been guilty of the acts or omissions set forth by the plaintiff as constituting the actual cause. *Macon Coca-Cola Bottling Co. v. Crane*, 55 Ga. App. 573 (1) (190 SE 879); *Armour & Co. v. Gulley*, 61 Ga. App. 414 (6 SE2d 165). See 9

Wigmore on Evidence (3d Ed.) 377, § 2509; McCormick on Evidence (1954) 643, § 309. The fact or facts to be inferred must be reasonably and logically consequent upon *proven facts,* and the doctrine, when applicable, should be applied with caution; the inference should be drawn by the jury only in extreme cases. *Miller v. Gerber Products Co.,* 207 Ga. 385, 388 (62 SE2d 174). Where there is some intermediary cause which produces or could produce the injury complained of, the doctrine of res ipsa loquitur is not applicable. *Floyd v. Swift & Co.,* 59 Ga. App. 154, 157 (200 SE 531); *Armour & Co. v. Gulley,* 61 Ga. App. 414, supra; *H. J. Heinz & Co. v. Fortson,* 62 Ga. App. 130 (8 SE2d 443); *Advanced Refrigeration v. United Motors Service,* 71 Ga. App. 576 (31 SE 605); *Miller v. Gerber Products Co.,* 207 Ga. 385, 388, supra.

As was said in *Armour & Co. v. Gulley,* 61 Ga. App. 414, "When 'the thing itself speaks,' or 'the obvious is self-evident,' the obvious must be clearly seen, and what is spoken must be plain. If two images appear, or the statement spoken is ambiguous, before a legal verdict can be predicated thereon the conclusions claimed *must more clearly appear or be understood than any other or inconsistent theory.*" (Emphasis supplied).

What is the situation here? There was evidence from which it was just as reasonable to conclude that the boy's death resulted from a cause other than negligence on the part of the defendant or its servants. Since he was seen playing in the shallow end of the pool after entering it, the jury could have and may have concluded that the boy had gone heedlessly into the deep waters of the pool, disregarding the markings of depth. He may have slipped and fallen into the water, never being able to come back to the surface. Certainly drowning is not an occurrence that is within itself sufficient to indicate that it *must* have been brought about by negligence on the part of someone. It is just as likely to happen as the result of accident, which is negligence of no one.

Plaintiff failed in showing by *proven facts* that the drowning of her son was logically consequent upon the defendant's negligence, and certainly failed in showing that this more clearly appeared than any other inconsistent theory.

Of the elements necessary to appear for invoking the doctrine only complete control of the pool by the defendant and its servants was shown. Cf. *Shepherd v. Whigham*, 111 Ga. App. 274, 276 (a) (141 SE2d 583) where it was asserted: "Lacking proof as to any one of these elements, there is no issue for the jury to decide. It requires all to make the whole . . ."—a statement that applies equally well to the applicability of res ipsa loquitur.

It was held in a case quite similar on the facts in Hecht v. Des Moines Playground & Recreation Assn., 227 Iowa 81, 99 (287 NW 259): "We think that doctrine ought not to be applied to such a case. To say that the mere fact of the drowning of a person under such circumstances, in view of the inherent dangers of a body of deep water, in itself speaks of the negligence of the proprietor, is carrying the doctrine beyond its recognized limits."

When applicability of the doctrine was urged in another case similar on the facts, the Supreme Court of Appeals of Virginia asserted: "This doctrine was expressly rejected in Hecht v. Des Moines Playground & Recreation Assn., 227 Iowa 81 (287 NW 259, 268) and we also hold that it has no application under the facts of this case. To hold otherwise would make the owner and operator of a swimming pool or lake, open to the public for a consideration, an insurer of the safety of his patrons and be contrary to the great weight of authority." Blacka v. James, 205 Va. 646, 649 (139 SE2d 47).

Judge Jenkins, later Chief Justice of the Supreme Court, asserted that the owner of a swimming pool could not be held for an injury to an invitee swimming therein "in the absence of proof that it contained some unusual and concealed danger not usually incident to a swimming pool." *St. Clair v. City of Macon*, 43 Ga. App. 598, 599 (159 SE 758). No unusual or concealed danger was shown to exist in the pool here.

■ In special ground 5 error is assigned on a charge instructing that when reliance is had on circumstantial evidence to establish a conclusion it must tend in some proximate degree to establish it and must not only be consistent with the conclusion sought to be established, but inconsistent with every other reasonable hypothesis.

It is contended that the plaintiff did not rely upon circumstantial evidence, but proved her case by direct evidence. It is true that she did establish some of her contentions by direct evidence, but there were others vital to her case, e.g., that her son died from drowning in the pool and that the drowning resulted from the defendant's negligence, which must for the most part be derived from circumstances. The charge was appropriate. As was stated in *Baldwin v. Georgia Automatic Gas Co.*, 85 Ga. App. 767, 776 (70 SE2d 108), "The charge did not intimate that the plaintiffs had sought to establish their whole case by circumstantial evidence, but was applicable only to any issue thus sought to be established. There were such issues, and the charge was applicable."

"When the party upon whom the burden of an issue rests seeks to carry it, not by direct proof, but by inferences, he has not, in this reasonable sense, submitted any evidence for a jury's decision, until the circumstances he places in proof tend in some proximate degree to establish the conclusion he claims; and for this, the facts shown must not only reasonably support that conclusion, but also render less probable all inconsistent conclusions." *Georgia R. & Elec. Co. v. Harris*, 1 Ga. App. 714, 717 (57 SE 1076).

The contention that admissions made by some of defendant's employees are sufficient as direct evidence to establish her case can not avail. "The declarations or admissions of an agent, unless part of the res gestae, do not bind the principal, and in a suit against the principal have no probative value. Conduct of an agent, from which it is sought to imply an admission, is within this rule." *Georgia R. & Elec. Co. v. Harris*, 1 Ga. App. 714 (2), supra. We find no admission of any employee made as a part of the res gestae. This ground is without merit.

■ In special ground 6 error is assigned on a charge that if two equally consistent theories are supported by the evidence, and, thus, *if the jury should find* that the evidence *equally supported* the two theories as to the cause of the boy's death, under one of which it did not result from defendant's negligence, the verdict should be for the defendant. This charge was correct as an abstract statement of the law (*H. J. Heinz*

*Co. v. Fortson*, 62 Ga. App. 130, 132 (8 SE2d 443); *Sirmans v. Sirmans*, 220 Ga. 712 (2) (141 SE2d 410)), and, as we view it, was applicable to the issues and the evidence in the record. And see *Armour & Co. v. Gulley*, 61 Ga. App. 414 (1), supra.

■ In special grounds 7 and 8 error is assigned on parts of the charge in which the court read from the defendant's answer its contention that "The sole proximate cause of the death of Ronald Bradley Bailey was his own conduct," and another contention that it "resulted from an accident." It is contended that there was no evidence to support them, they were not adjusted to the evidence, were argumentative, in conflict with other direct evidence and with the "law of the case" as fixed on the former appeal. The parts of the charge are not subject to the criticisms made. There was evidence, albeit circumstantial, that the boy's drowning may have resulted from his own conduct in failing to heed the markings of depth on the pool and, knowing of his own inability to swim, going into the deep water. Moreover, it is not error to state the contentions of a party as disclosed by his pleadings, even if unsupported by the evidence. *Hix-Green Co. v. Dowis*, 79 Ga. App. 412 (53 SE2d 601); *Barbre v. Scott*, 75 Ga. App. 524 (7) (43 SE2d 760); *Mayes v. Simons*, 189 Ga. 845, 850 (8 SE2d 73); *Sirmans v. Sirmans*, 220 Ga. 712 (3), supra.

Also it may have been found by the jury that the drowning resulted from nobody's negligence; that even though negligence existed, it was not the cause of the boy's death. *Lane v. Varner*, 89 Ga. App. 47, 51 (78 SE2d 528).

Neither of these grounds has merit.

■ In special ground 9 error is assigned upon failure of the court to "correctly, fully and legally charge the jury as to the allegations and contentions of the plaintiff as set forth in her rewritten petition as amended, and especially in that he did not read or state in substance the allegations of facts as set forth [therein], or her allegations of negligence based upon said allegations of fact, and especially in that he failed to read or correctly state the substance of paragraphs 18 through 32, and its subparagraphs 34 through 49."

The charge reveals that its first ten pages were given over to

a statement of what is alleged in the petition, though it was not read verbatim and in full, after which the jury was told that they would have the pleadings out with them in the jury room and that they could and should refer to them in order more fully to inform themselves of their contents. There was no request for a fuller charge. The contentions were fairly stated.

■ In special ground 10 error is assigned on the charge: "I charge you that the mere fact of Ronald Bradley Bailey's having lost his life in the defendant's pool would not be enough, standing alone, to impose liability upon the defendant in this case. Before you would be authorized to find a verdict in favor of the plaintiff in this case it would be necessary for you to find that the defendant was negligent in some one or more of the particulars charged in the plaintiff's petition; and that such negligence of the defendant, if any, proximately caused the death of Ronald Bradley Bailey."

It is contended that this charge was argumentative, contrary to the decision on former appeal, not adjusted to the pleadings and the evidence, not supported by the evidence, deprived plaintiff of the benefit of the doctrine of res ipsa loquitur, amounted to an expression of opinion as to what had been proven, and placed a greater burden on plaintiff than was required by law.

The charge was not subject to any of these criticisms. It is a correct statement of the law, and was applicable. We have discussed the contention relative to the doctrine of res ipsa loquitur heretofore.

"A presumption of fault does not arise on the part of the owner merely because a person is drowned in his swimming pool." Hecht v. Des Moines Playground & Recreation Assn., 227 Iowa 81, supra.

■ In special ground 11 error is assigned on the charge that the law presumes that the defendant had exercised reasonable care in the selection and retention of its servants and employees, in the absence of evidence to the contrary. It is urged that the charge was argumentative, misleading, not adjusted to the pleadings or the evidence, unsupported, in conflict with the evidence and with the decision of this court on former appeal. It is not subject to any of these criticisms. Negligence or breach

698

of duty is never presumed or anticipated, but on the contrary, until it is otherwise shown to be the case the law presumes that every man obeys the mandates of the law and performs all his official and social duties. *Beavers v. LeSueur,* 188 Ga. 393, 403 (3) (3 SE2d 667). There was evidence from which the jury may have concluded that the defendant did exercise reasonable diligence in the selection and retention of its employees, and there was evidence from which it may have been concluded that it did not, which, if accepted, would overcome the presumption. In that situation there was a question raised for resolution by the jury—which was done in the returning of the verdict.

■ In special ground 12 error is assigned on a charge that "there is no duty to warn a person of the existence of a condition where that person already knows of the existence of such condition, because the purpose of a warning is to supply a party with information which he is not presumed to have. There is no necessity to warn against the obvious." It was explained in connection with this charge that if the jury should find that plaintiff's son was aware of the depth of the pool so as to know what waters were over his head and where he could not stand with his head above the water, it would follow that it was not necessary that defendant warn the boy with respect thereto, and failure to warn under that condition would not constitute negligence. The charge was correct. *Gibson v. Consolidated Credit Corp.,* 110 Ga. App. 170, 178-179 (138 SE2d 77); *Lacy v. City of Atlanta,* 110 Ga. App. 814 (2) (140 SE2d 144).

It is contended that there was no evidence to authorize the charge, that there was no such issue in the case, that it was contrary to the evidence and that the evidence showed that the boy did what he was instructed to do while under defendant's supervision.

There was evidence that the pool was plainly marked at intervals as to its depth, and that the boy, nine years of age, was bright, alert, and intelligent. "The danger of drowning in a swimming pool or other pond or lake, . . . is an apparent open danger, the knowledge of which is common to all, including a boy nine years of age. . . Perils of deep water are instinctively known, and if it be insisted that this boy, nine

years of age, did not possess such ordinary discretion as fairly to appreciate his danger, then it may be urged with propriety that he should not have been allowed to go into the vicinity of a body of water." *McCall v. McCallie*, 48 Ga. App. 99 (3, 5) (171 SE 843). The boy was capable of reading and understanding the depth markings on the pool, and these were warning enough. "With a large group of boys, the appellee used the only reasonable and adequate method of informing them of the depths in every part of the pool, and that was by placing depth markings which were visible reminders to each one at all times. Ordinary care required nothing more." Hecht v. Des Moines Playground & Recreation Assn., 227 Iowa 81 (3), supra. This charge was not subject to the criticisms made of it.

■ In special ground 13 error is assigned upon a charge that the due care and diligence required of a child of tender years is such care as its capacity, mental and physical, fits it for exercising under the actual circumstances of the occasion, and that there is no presumption of law either that the child did or did not exercise due care or that it did or did not have sufficient capacity at the time to know the danger and to observe due care for his own protection, that it is solely within the province of the jury to determine from the evidence whether the child did or did not have the capacity to know the danger and to observe due care, and that the plaintiff could not recover if her son, by the exercise of that degree of care which the law required of him, could have avoided the consequences to himself of any negligence of which the defendant might be found to be guilty.

It is contended that there was no evidence to authorize the charge, that it was contrary to the evidence, that there was no such issue in the case and that the evidence showed the deceased did what he was instructed to do while under the defendant's supervision.

Since the boy was nine years of age we think the charge altogether appropriate. It is a correct statement of the law as to children of tender age who may be entitled to a greater degree of care from adults toward them, proportioned to their ability to foresee and avoid perils which may be encountered;

but regardless of the age or capacity of the injured person, if there is no breach of legal duty on the part of the defendant toward that person, there can be no legal liability. *Augusta Amusements, Inc. v. Powell*, 93 Ga. App. 752, 754 (92 SE2d 720). Nor is there liability if the injured person, *by the exercise of that degree of care which the law required of him*, could have avoided the consequences of any negligence of which the defendant may have been guilty. *Code* §§ 105-603, 105-204.

◼ In special ground 14 error is assigned on the giving of the charge: "I charge you that an act which exposes another to the risk of injury only by his failure to conform to those rules of conduct for his own safety with which he might reasonably be expected to comply does not violate the standards of due care. In this case I charge you that if you find from the evidence that the defendant was guilty of no alleged act or omission which would have exposed Ronald Bailey to injury in the absence of Ronald Bailey's failure to conform to those rules of conduct for his own safety which were imposed on him by law, then in that event you would be required to return a verdict for the defendant."

It is contended that the charge is unsupported by and in conflict with the evidence, contrary to the decision on former appeal, not adjusted to the pleadings and evidence, confusing, misleading, argumentative, not upon any issue in the case and that the uncontradicted evidence showed that decedent did what he was instructed to do while under defendant's supervision.

The charge is not subject to any of these criticisms. It is a correct statement of the law. The boy is alleged to have been a non-swimmer, and there was evidence that all non-swimmers were instructed to stay at the shallow end of the pool. Hence, the contention that the uncontradicted evidence demanded a finding that he followed instructions while under defendant's supervision is not well founded. That was a jury question.

◼ In special ground 15 there is exception to a charge on the law of accident, defining the term and including the instruction that the mere fact that Ronald Bailey died in defendant's pool, standing alone, would not authorize a verdict in plaintiff's favor.

Here again it is contended that the charge was unsupported, contrary to the evidence, in conflict with the decision on former appeal, confusing, not adjusted, authorized the jury to disregard the circumstantial and the direct proof tending to show negligence on the part of the defendant proximately causing the boy's death, and eliminated a consideration of the doctrine of res ipsa loquitur.

The charge as an abstract principle of law was correct. It did not eliminate a consideration of any evidence, whether direct or circumstantial, that might tend to show a lack of accident as the cause of death or that it may have resulted from negligence on the part of the defendant. This is particularly true when the charge as a whole is considered, for it dealt at length with those matters as jury considerations. The evidence did not, as a matter of law, eliminate the possibility that death did result from accident. It was possible for the jury, in a consideration of all of the evidence, to conclude that though there may have been negligence on the part of the defendant, or its employees, the boy's death did not result proximately therefrom. Likewise, they may have concluded that his death did not result from any negligence of his own. In that situation the death would be accidental and the charge was thus appropriate. *Code* § 102-103; *Seaboard Air-Line R. Co. v. Bradley*, 125 Ga. 193, 198 (6) (54 SE 69); *Savannah Electric Co. v. Jackson*, 132 Ga. 559, 562 (4) (64 SE 680); *Alabama Great Southern R. Co. v. Brown*, 138 Ga. 328, 332 (6) (75 SE 330). It was only to a consideration of this phase of the case that the charge excepted to was addressed.

The body of plaintiff's son was first seen lying on the bottom of the pool. Though some 38 other boys were in the pool with him and there were three adults nearby, nobody saw him go down. Nobody heard any outcry or struggle. Nobody knew when he went down or how long he had lain on the bottom of the pool. So far as appears he may have slipped and fallen under the water without opportunity to make an outcry or alarm, and have been unable to get up before filling his lungs with water (if they were filled) and losing consciousness. He may have lost his balance due to the activity of others in the

pool who were actively swimming, diving, playing and making noise. These and other possibilities of accident the jury was authorized to consider. The exception is without merit.

 In special ground 16 there is exception to a charge that plaintiff had the burden of proving by a preponderance of the evidence that her son's death was caused by some one or more of the acts of negligence charged in her petition against the defendant, that defendant was under no obligation to prove the cause of the boy's death, and that if plaintiff failed in carrying her burden a verdict for the defendant should result, even though the cause of death might remain a matter of speculation.

It is contended that the charge was incorrect as an abstract principle of law, was not adjusted to the pleadings and the evidence, relieved the defendant from offering any explanation as to why the boy was ordered to jump into the pool at the deep end where the water was over his head without ascertaining whether he could swim, why he was left lying at the bottom of the pool until he drowned and why it did not know or ascertain that the boy was submerged in the deep water; that it was confusing, argumentative and eliminated any consideration of the doctrine of res ipsa loquitur.

The charge was not subject to any of these criticisms. It was correct as an abstract principle of law and was certainly appropriate under both the pleadings and the evidence. Although plaintiff contended that the boy was ordered to jump into the pool, this was denied, and there was evidence that the boys were given a signal indicating when they were *permitted* to enter the pool. Although it did appear that the boy was found on the bottom of the pool, there was no evidence as to when he went down or by which it could be determined as to how long he was "left lying on the bottom of the pool." There was evidence that he was retrieved from that position as soon as discovered. This ground is without merit.

 In special ground 17 exception is taken to a charge: "[I]f you believe from the evidence that the cause of Ronald Bailey's death cannot be determined, but that it is a matter of speculation or conjecture, then in that event you would not

be authorized to find a verdict against the defendant, and, in such case, it would be your duty to return a verdict in favor of the defendant, it being absolutely necessary, in order for the plaintiff to recover, to show by a legal preponderance of the evidence under the rules given you in charge, that Ronald Bailey's death was caused by some one or more acts or omissions of negligence on the part of the defendant which are set forth in plaintiff's petition. In this connection I charge you that the law does not permit you to speculate or guess as to whether the defendant was negligent, and if so, whether such negligence caused damage to the plaintiff. On the contrary, negligence on the part of the defendant must be proved, and in the absence of such proof, you must find for the defendant."

The exceptions are that the charge is unsupported by the evidence, is contrary to the weight of evidence tending to show negligence on the part of the defendant as a proximate cause of the boy's death, was not adjusted to the pleadings and evidence, was confusing, misleading, argumentative, contrary to the decision on former appeal, amounted to an expression of opinion by the trial judge that the cause of death was a mystery, placed plaintiff under a greater burden than the law requires and amounted to the direction of a verdict.

The charge is a correct statement of the law. The showing as to the cause of the boy's death was by way of circumstantial evidence which, while pointing toward the fact of drowning, did not exclude other possibilities. There was evidence from which the jury might have found the defendant negligent and that this may have caused the boy's death, but again that is circumstantial and does not exclude the possibility that his death may have resulted from his own negligence or from other causes. It was neither an expression of opinion by the judge nor did it amount to the direction of a verdict. It simply called to the jury's attention guidelines within which they must find a verdict for the plaintiff.

In special ground 18 there is exception to another portion of the charge that is somewhat similar: "[S]hould you find that the plaintiff's son died as the result of drowning, but if you

further feel that it has not been shown to your satisfaction what caused plaintiff's son to drown, and if the cause of such drowning remains a mystery to you, and it has been shown to your satisfaction that the incident was caused by an act or omission of negligence of which it is alleged the defendant was guilty, then there can be no recovery against the defendant."

The exceptions are the same, and we do not find this charge subject to any of them.

"Findings of fact based on mere conjecture can not be upheld." *U. S. Fidelity &c. Co. v. Brown,* 68 Ga. App. 706 (3) (23 SE2d 443). "[M]ere conjecture does not constitute evidence upon which . . . findings may be based." *Globe Indem. Co. v. Brooks,* 84 Ga. App. 687, 688 (67 SE2d 176). "[W]here evidence is not more than a scintilla, if it is dependent entirely upon guess or speculation, it is insufficient to support a verdict." *Ladson Motor Co. v. Croft,* 212 Ga. 275, 277 (92 SE2d 103). To the same effect are *Rivers v. State,* 118 Ga. 42, 44 (44 SE 859); *Bartell v. Del Cook Lmbr. Co.,* 108 Ga. App. 592, 601 (133 SE2d 903); *Pritchett v. Higgins,* 111 Ga. App. 718 (143 SE2d 47). "[A] court of equity has neither the power nor the means to discover the intentions of the parties [to a contract] by mere guess or conjecture." *Williams v. Manchester Bldg. Supply Co.,* 213 Ga. 99, 102 (97 SE2d 129). Damages which are uncertain, speculative, remote or conjectural are not recoverable. *Code* § 105-2008; *Cooper v. National Fertilizer Co.,* 132 Ga. 529 (64 SE 650); *Palmer v. Atlantic Ice & Coal Corp.,* 178 Ga. 405 (2) (173 SE 424, 92 ALR 176). In criminal cases, where life or liberty rather than money is the stake, it is and has ever been proper for the court to instruct the jury that a verdict of *acquittal* should not be made upon "a mere vague conjecture, a fancy, a trivial supposition, a bare possibility." *Giles v. State,* 6 Ga. 276, 285. Likewise, the instruction that if, from the evidence, the lack of evidence or from the defendant's statement, the minds of the jurors are left "wavering, unsettled, and unsatisfied, refusing to reach a conclusion that is satisfactory" to themselves, there should be no conviction. *Sheffield v. State,* 188 Ga. 1, 5 (2 SE2d 657).

It is a basic and fundamental part of the philosophy of our jurisprudence that no award, verdict or decree should rest upon "speculation, which is no more than imagination." *Sims v. State*, 221 Ga. 190, 202 (141 SE2d 103). As to verdicts in civil cases the principle is a part or a corollary of the preponderance of evidence rule, and while it may not be error to fail to give it in charge, or in proper instances to refuse a request to do so, the giving of it is certainly not error when vital issues in the case are dependent upon circumstantial evidence for their establishment.

"Where many swimmers are engaged in acquatic sports in the same pool, it is common knowledge that divers disappear and return at other places without giving occasion for alarm or rescue. In the present instance no one knew exactly when or where the bather disappeared. Without resorting to speculation or conjecture the jury could not properly find that, except for the failure of the guard to miss the bather and to notice that he did not promptly reappear, there would have been no loss of life." Lyman v. Hall, 117 Neb. 140, 147 (219 NW 902). This principle was applied to facts very similar to those here under consideration in Nolan v. Y.M.C.A., 123 Neb. 549 (243 NW 639) where the deceased, a 12-year-old member of a Boy Scout troop using the defendant's pool, was a non-swimmer.

It is urged that these charges were error under the holding in *Parks v. Fuller*, (1959) 100 Ga. App. 463 (111 SE2d 755). We do not agree. In the first place, if there be a conflict with what we here hold and the holding in that case, then *Parks* must yield to the older decision in *Bentley v. Southern R. Co.*, (1935) 52 Ga. App. 188, 190 (182 SE 815) that "[w]hen the facts necessary to make out the plaintiff's case are dependent on circumstantial evidence, it is not error to charge the jury that they are not permitted to speculate or guess as to the cause of the injury. In the case at bar it was not error to charge that the jury should not speculate or guess 'from what source the bolt alleged to have been the cause of the injury came.' In a civil case resting on circumstantial evidence, the circumstances proved must tend in some proximate and reason-

able degree to establish the conclusion claimed, and render less probable all inconsistent conclusions. If the evidence adduced is not more than a 'scintilla,' if it is dependent entirely upon guess or speculation, it is insufficient to support a verdict; and it is not error so to charge. Such a charge does not deny to a party the right to support his claim by proof of facts which by a preponderance of the evidence lead to reasonable inferences which establish the result claimed, or prevent the jury from drawing such reasonable inferences." In that case the plaintiff showed by direct evidence that she was injured by an iron bolt which flew through the windshield of her car as she passed under a bridge over which there was passing a train of the defendant, but there was reliance on circumstantial proof that the bolt came from the train. Here there was direct proof that plaintiff's son was found at the bottom of defendant's pool and when rescued therefrom was dead, but there was, of necessity, reliance upon circumstantial proof (a) that he drowned, and (b) that his death resulted from some act of negligence on the part of the defendant. The cases are parallel in principle and strikingly similar. *Bentley,* standing since 1935, has neither been reversed nor overruled.

But aside from the binding effect of the older case of *Bentley v. Southern R. Co.,* it should be pointed out that there are differences in the case of *Parks v. Fuller,* and that here under consideration that would distinguish it. In *Parks* there was a question as to who may have been the driver of the automobile in which the plaintiff received her fatal injuries, all occupants having been killed in its collision with a concrete pillar supporting a bridge over the expressway. In its review and analysis of the evidence the court concluded that "[t]he plaintiff's case was not wholly based on guess or speculation." Whether the plaintiff's case here was dependent for its resolution upon guess or speculation was a matter, under the evidence, addressing itself to the jury, and the court properly instructed that if they should so conclude a verdict for the plaintiff would not be authorized.

Nor does the case of *Western & Atlantic R. Co. v. Hetzel,* 38 Ga. App. 556 (144 SE 506), reversed on other grounds in

169 Ga. 246 (149 SE 876), require a different result. In that case requests were made for certain charges to the effect, inter alia, that "in order for the plaintiff to recover . . . it is not enough for the evidence to raise in your mind mere surmise or conjecture that there may have been negligence on the part of the defendant," and that "the jury would have no right to act on a mere guess or conjecture as to the existence of such negligence." The requests were denied, and this court affirmed, pointing out that they would have injected into the case issues that, so far as appears from the pleadings or the evidence, were entirely fictitious, and that the language of the requests was so confused and involved that a jury of laymen would probably never have understood what the principle was. On certiorari the Supreme Court was equally divided in its opinion as to whether the Court of Appeals had been wrong in approving the refusal of the requests, even in their imperfect form. The charges as given in this case were clear, easily understandable even by a layman, and were not subject to the criticisms made of the requests in *Hetzel*. They did not inject fictitious issues. There is a difference in considering the refusal of a request, which must be perfect in all respects, and a determining of whether there was error in a charge that was given.

These grounds are without merit.

■ In special ground 19 there is exception to a portion of the charge as to the burden of proof by which the court simply informed the jury that the plaintiff had the burden of showing that her son's death resulted from some negligence on the part of the defendant. That accords with the law and this ground is without merit.

■ In special ground 20 there is exception to a portion of the charge that although the jury might find the defendant guilty of negligence in some respect, if they should find that this negligence had nothing to do with the death of plaintiff's son the verdict should be for the defendant. Again, this is in accord with the law. That situation presents a case of *injuria absque damno*.

■ In special ground 21 there is exception to a charge that the jury, in making determination of whether the defendant

was guilty of negligence resulting in the death of plaintiff's son, should not be influenced by the fact that defendant had a liability insurance policy.

The existence or non-existence of a liability insurance policy can have nothing whatever to do with the matter of negligence and proximate cause. This charge was entirely correct and proper. As is pointed out in our consideration of the main bill of exceptions, the fact of insurance is permitted to be pleaded in this kind of case solely because the plaintiff could not proceed against the defendant if it did not appear that it had non-charitable assets. None of the exceptions urged is meritorious.

■ In special ground 22 there is exception to the charge: "[I]n an action for wrongful death, such as this, the Georgia law does not make the basis of recovery the mental or physical suffering of the person bringing the action. The emotional upset of Mrs. Bailey in this action, if any, cannot be considered by you in awarding damages, if any."

It is contended that this is confusing, misleading and argumentative, an expression of opinion as to what had been proven and as to the judge's mental convictions.

We do not find it so. It is in accordance with the law of this State. "The grief and sickness of the plaintiff consequent upon hearing of her husband's death, and that by reason of destitution she had to sell clothing to supply wants, are not relevant and therefore not admissible evidence in her behalf." *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751 (11) (12 SE 18). "In an action by a husband for damages on account of the negligent homicide of his wife, the measure of damages is prescribed by the code as being the 'full value of the life of the deceased,' and no additional damages are recoverable for mental anguish occasioned by the bereavement." *Glawson v. Southern Bell T. & T. Co.,* 9 Ga. App. 450 (4) (71 SE 747).

"It is never error to give a jury proper precautionary instructions warning them not be be influenced." *Bass v. African Methodist Episcopal Church,* 155 Ga. 57 (3) (116 SE 816). To the same effect see, *Atlantic & Birmingham R. Co. v. Bowen,* 125 Ga. 460 (54 SE 105); *Blue's Truck Line, Inc. v. Harwell,* 57 Ga. App. 136, 139 (194 SE 399).

The charge was not subject to any criticism made.

■ In special ground 24 error is assigned upon refusal of the trial court to permit counsel for the plaintiff, in the presence of the jury, to read in full the opinion of this court on the former appeal as found in 107 Ga. App. 417 (130 SE 242). The record indicates that when counsel proposed to read the opinion in the presence of the jury he was informed by the court that he might read all of the law as found in the opinion but that he could not read the facts. This ruling of the court was in accord with the law. *McCullough v. State,* 11 Ga. App. 612 (5) (76 SE 393): "If counsel had read the facts of the case [on former appeal] to the jury or had incorrectly stated the effect of the holding of this court on previous review of the case, the impropriety of such conduct would have been so grave as to require a reprimand or declaration of a mistrial." *City of Commerce v. Bradford,* 94 Ga. App. 284, 298 (10) (94 SE2d 160).

■ In special ground 25 error is assigned upon the refusal of a request: "(a) I further charge you that in paragraph 1 of defendant's answer to the rewritten petition of plaintiff it admits paragraph 41 of said rewritten petition, which is as follows: 'Plaintiff shows that the defendant's Gra-Y Leader, Ward Burts, and the defendant's downtown executive, Fred McCord, organized the Gra-Y Club at Goldsmith School for the defendant and invited the members of its said club, including plaintiff's minor son, Ronald, to its said swimming pool in the basement of its building at 145 Luckie Street, N. W., Atlanta, Georgia, on the afternoon of May 4, 1955, and made the arrangements for the members of said club to use said swimming pool under its supervision and direction on said date.'

"I therefore charge you that, according to defendant's own admission in its answer to plaintiff's rewritten petition, plaintiff's minor son, Ronald Bailey, was an invitee of the defendant for purposes connected with defendant's business conducted on its premises, and that the defendant is liable in damages to the plaintiff mother for the full value of the life of said child, without deduction for necessary or other personal expenses of said child had he lived, if the said child was drowned or killed through the failure of defendant to exercise ordinary care in

keeping the premises safe or in any of the other particulars alleged by the plaintiff in her petition as amended."

It was not error to refuse this request because it did not take into consideration any diminution of damages that would necessarily flow from the contributory negligence of the deceased if the jury should find him to have been negligent.

A written request must itself be perfect, otherwise the refusal to give it will not be cause for new trial. *Smithwick v. State,* 199 Ga. 292 (7) (34 SE2d 28).

■ In special ground 26 error is assigned upon the deprivation of a verdict in plaintiff's favor in the sum of $250,000 in violation of the due process clauses of the State and Federal constitutions, it being asserted that she was deprived of a fair and impartial jury, deprived of the effect of applicable decisions of the Court of Appeals and the Supreme Court, particularly that in 107 Ga. App. 417 (130 SE2d 242), and of her right to have the case presented to the jury on the basis of the pleadings, the evidence and applicable and controlling law.

We find no merit in this ground. When there are contested issues of fact, as here, no litigant has any constitutional right to have a verdict in his favor; he has only the right to a fair trial under which the jury returns a verdict for that party, plaintiff or defendant, whom it believes entitled thereto. That is due process. *Norman v. State,* 171 Ga. 527 (156 SE 203). Nothing in this record discloses any deprivation of a fair trial in accordance with the applicable rules of law.

■ The general grounds are without merit.

Questions as to whether the plaintiff's son may have lost his life because of the negligence of the defendant in the selection and retention of employees, or because of some negligence on the part of its employees were raised by the evidence, albeit for the most part by circumstantial evidence. Those questions the jury resolved against the plaintiff.

It seems not amiss to observe that this case has suffered a long and tortious road of litigation for a space of more than ten years. Upon the first trial the judge directed a verdict for the defendant at the close of the evidence, then concluding he had erred in doing so, granted a new trial on the general grounds.

The defendant brought that grant of a new trial here for review, urging that the evidence had demanded the verdict directed. We disagreed and affirmed. Thereafter when it came on for trial again there was a mistrial when the jury could not agree, and later another mistrial resulted when a juror made some improper remark, then another mistrial resulted when in the selection of a jury a sufficient number of qualified jurors could not be obtained. Finally, this trial resulted in a verdict for the defendant at the hands of the jury. The trial judge granted a new trial upon one special ground only, which we here determine to have been error, and denied a new trial as to all other grounds. We have reviewed both rulings.

"[I]t is of the utmost importance that the weary river of litigation should 'wind somewhere safe to sea,' and it is with extreme reluctance that the appellate courts will retrace its course to find for it another channel than the one over which it has already flowed." DeFord v. Johnson, (Mo.) 177 SW 577, 580. "We hope its perturbed spirit will now enter into unbroken rest." Phillips v. City of Atlanta, 87 Ga. 62, 63 (13 SE 201).

Judgment reversed on the main bill; affirmed on the cross bill of exceptions. Nichols, P. J., and Pannell, J., concur.