## PHILLIPS vs. THE CITY OF ATLANTA.

1. Where a *certiorari* was sued out to the decision of a recorder, and the answer filed by him was traversed, and the traverse was admitted to be true, it was error to allow the recorder to file an amendment to his answer without notice to the plaintiff in *certiorari,* and thereupon to proceed with the trial. If the answer was defective, exceptions to it should have been filed in writing, specifying the defects, and notice thereof should have been given to the opposite party before the case was called in its order for a hearing.
2. After such an amended answer had been permitted to be filed, it was error to refuse to grant a continuance, on motion of the plainin *certiorari* on the ground of surprise.

October 20, 1887.

*Certiorari.* Amendment. Continuance. Practice in Superior Court. Before Judge MARSHALL J. CLARKE. Fulton Superior Court. March Term, 1887.

Reported in the decision.

W. R. HODGSON; BROYLES & JOHNSTON, for plaintiff in error.

J. B. GOODWIN; J. T. PENDLETON, for defendant.

SIMMONS, Justice.

William R. Phillips, Jr., was summoned before the recorder's court of the city of Atlanta, to answer the charge of engaging in the business of pawnbroker without registering as such or obtaining a license. On the trial of the case before the recorder, he was convicted of said offence, and sued out a *certiorari* to the superior court of Fulton county, alleging error in the recorder in convicting him of the offence charged. The recorder answered the same, and the answer was traversed by the plaintiff in error. When the case was called for trial, the defendant admitted the traverse to be true, and an order of the court was taken to that effect; whereupon the recorder filed an amend-

ment to the original answer, the same being an alleged copy of certain parts of the ordinance of the city of Atlanta relative to the duties of persons intending to carry on certain business.

The plaintiff in error objected to this amendment being filed, on the ground that he had received no notice of any such amendment, and that before such amendment could be filed, an order of court must be had and the opposite party put on notice; all of which objections the court overruled, and allowed the amendment to be filed. The plaintiff in error then asked for a continuance of the case, on the ground of surprise, which was denied by the court; and the trial proceeded. The court rendered judgment, dismissing said *certiorari*, and affirming the judgment of the court below. The plaintiff in error tendered his bill of exceptions, and assigns error to the ruling of the court.

1. We think the court erred in allowing the amendment to the answer of the recorder, without giving notice to the plaintiff in error. If the answer of the recorder was defective, exceptions to it should have been filed in writing, specifying the defects, and notice thereof given to the opposite party before the case was called in its order for a hearing. Code, §4062.

2. This not having been done, the case was not ready for trial, and the judge erred in allowing the amendment and proceeding with the trial, under the facts as disclosed by the record, and also in not granting the continuance to the plaintiff in error, after allowing said amendment to be filed.

Judgment reversed.