PHILLIPS *v.* THE CITY OF ATLANTA.

1. The judge of a police court who presided at the trial to be reviewed on *certiorari*, is still competent to perfect his answer to the *certiorari* by adding thereto a copy of the ordinance on which his judgment was founded, though he has retired 'from judicial office and become assistant city attorney, it not appearing that he has taken any part as counsel in the *certiorari* case.
2. Where the penalty for carrying on business without registering the same, is graduated by ordinance according to the number of days the business has been carried on, the maximum fine for three days' business cannot be imposed if the accusation is by summons which specifies one day only and makes no charge as to more than one day.
3. The evidence being sufficient to establish a violation of the ordinance, the error of the recorder may be corrected by reducing the fine. Direction is given accordingly.

March 23, 1891.

*Certiorari.* Municipal corporations. License. Pawnbrokers. Punishment. Practice. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1890.

In connection with the third part of the decision the following may be stated : The evidence tended to show, in brief, that Phillips had a store in Atlanta, operating it under but one registration tax, that of furniture dealer ; the store being largely stocked with old furniture, old musical instruments, old watches, jewelry,

clothing, etc. Over the door was a sign, "Money to lend." In the newspapers he advertised regularly that he loaned money and wished to buy old furniture, and on his blank notes were the cut of a watch and the words "Loans and Jewelry." Various persons, wishing to borrow money in small sums, obtained it from. Phillips by depositing with him sundry articles of personalty, such as a watch, a gun, a sewing-machine, a stove, etc.; his plan being to buy the articles for the sums so obtained by these persons, giving them an agreement in writing to sell the article by a certain day for a sum covering the amount he paid for it and an added profit. These transactions covered a period of two years or more, but their dates do not appear, except in one instance where Phillips took a bill of sale to a machine. This instrument recites a consideration of $10, and states that it "is made for the purpose to effect a loan or to secure money to be treated as a loan, but is a *bona fide* sale in fee simple, it being full payment and for value received," and is dated August 27th, 1885. There was testimony for Phillips that the forms of contract with agreement to reconvey, used by him, are not such as are ordinarily used in a pawnbroker's business; and in his statement he denied carrying on such business, but stated that he bought and sold old furniture, watches, jewelry, etc., and kept them exhibited in his store for sale.

BROYLES & SONS, for plaintiff in error.

JOHN B. GOODWIN, by JAMES L. MAYSON, *contra*.

BLECKLEY, Chief Justice.

Thrice this unquiet case has materialized at the sittings of this tribunal. We hope its perturbed spirit will now enter into unbroken rest. Its former appearances are registered in 78 *Ga.* 773, and in 79 *Ga.* 510

1. That part of the law of *certiorari* embodied in sec-

tion 4063 of the code reads thus: " The answer shall
not be written or dictated by either of the parties, or
their attorneys, or any other person interested in the
cause, and if made after the party making the same has
retired from office, it shall be verified by affidavit."
The recorder's answer in this case was made before his
retirement from office, but it was not full, and for that
reason was excepted to by the city. Its only deficiency
was that it omitted to set out the municipal ordinance
on which the proceeding against Phillips in the re-
corder's court was founded. Before perfecting the an-
swer, the recorder had changed his relation to the city
by ceasing to be its judicial officer and by becoming
assistant city attorney. It does not appear, however,
that he took any part in the management of this *certio-
rari* or was ever connected with it in the capacity of
counsel or attorney. His amended answer was sup-
ported by affidavit, and had it been untrue, might have
been traversed. As the ordinance was a public document,
not only recorded in the city archives but published to
the world, there could be no danger that any falsehood
or error in the answer as to it would pass without de-
tection. Such an amendment as this, however it might
be with others of a different character, could, we think,
be made on the affidavit of the ex-recorder, notwith-
standing his new relation to the city as assistant mu-
nicipal attorney. If the answer could not be perfected
in this way it could not be perfected at all.

2. The original case was commenced by a written
summons dated March 24th, 1886, commanding Phillips
to appear in the recorder's court "to answer the charge
of engaging in the business of a pawnbroker, without
registering the same and paying license, in the city of
Atlanta, on the 23d day of March, 1886." Phillips be-
ing tried and found guilty, was fined by the recorder
$300.00. The ordinance which he had violated de-

clared that " any person whose duty it shall be to register their business, and who shall refuse or fail to do so, may be arrested and brought before the recorder . . and on conviction be fined in a sum not exceeding one hundred dollars and costs, or imprisonment not exceeding thirty days, or both, in the discretion of the court, for each day such business has been done . . without registering the same." No doubt it would have been competent to charge in one and the same proceeding that Phillips had carried on the business upon more than one day, and to convict him for as many as five days' work if that number of days were specified in the summons. There could not be a conviction for more than five days at full rates because the power of the court to impose fines is limited by the city charter to $500.00 in each case. But the summons commanding Phillips to answer was limited to one day, and that being so, it gave him no notice that he was threatened with punishment for more than one day's transactions. Where penalty is measured by the element of time, the length of time comprehended in the charge is material. If a more severe penalty is denounced against a criminal transaction which occupies several days than against a like transaction which occupies one day only, it is essential that the accused shall have notice that he is to be tried for the higher grade of the offence before he can be punished for that grade. In this instance, the summons afforded no such warning. On the contrary, it was confined expressly to one day; and while the particular day specified need not be proved by showing that the business was carried on upon the exact day mentioned in the summons, yet the summons was too narrow to cover a penalty for more than a single day. If the ordinance had directly declared that any person carrying on business for three days should be punishable by a fine not exceeding $300.00, and any person carrying on business

v 87-5

for one day should be punishable by a fine not exceeding $100.00, no one would suppose that a summons embracing only one day would be sufficient to uphold a fine of $300.00. Now, this is precisely the substance, though not the language, of the ordinance under which Phillips was tried. The offence, while one and the same, is aggravated in exact proportion to the number of days through which it is continued. In this case, the aggravation counted for twice as much as the original offence, and thus two thirds of the conviction were left entirely outside of the charge. It is plain Phillips was fined either for three offences or for three grades of the same offence. Neither of these triplets was covered by the charge. The charge was a unit, both as to offence and grade.

3. We have carefully read the evidence. It warranted the recorder in finding that the ordinance was violated His error was in imposing a fine of more than one hundred dollars. This error may be corrected by reducing the fine to that sum. We direct that this be done. The judge of the superior court will sustain the *certiorari*, and make a final judgment disposing of the case for all time.

Other questions were raised by the petition for *certiorari*, but were not argued or insisted upon by counsel.

*Judgment reversed, with direction.*