A93A0130. FERST et al. v. FERST et al.

(432 SE2d 227)

BLACKBURN, Judge.

The appellant, Jeanne R. Ferst, petitioned the trial court for confirmation of her appointment as trustee of a trust agreement executed in March 1937 by her late father-in-law, M. A. Ferst, and for the removal of the sole surviving trustee, Helen Ferst, her mother-in-law and the widow of the grantor of the trust. The appellees, Suzanne Ferst Bloom, daughter of Helen and M. A. Ferst, and Suzanne Ferst Renfrow and Robin Ferst Howser, the grandchildren of Helen Ferst and children of Jeanne Ferst and the late Robert Ferst, remainder beneficiaries of the trust, responded to the petition, asserting a counterclaim for their appointment as co-successor trustees and for the removal of Helen Ferst as a trustee. The appellees also requested that the trial court deny the petition for the confirmation of the appointment of Jeanne Ferst as a trustee. In its order of June 16, 1992, the trial court removed Helen Ferst as a trustee because of her age and diminishing mental and physical capabilities and appointed Suzanne Ferst Bloom, Suzanne Ferst Renfrow, and Robin Ferst Howser as co-trustees. The court did not confirm the appointment of Jeanne Ferst as trustee because the appointment was not authorized "by a majority of the surviving trustees" as provided in the trust agreement, and this appeal followed.

On March 1, 1937, M. A. Ferst, as grantor, executed the subject trust agreement, naming Helen M. Ferst, his wife, Frank Ferst and M. E. Kilpatrick as trustees, for the lifetime benefit of Helen M. Ferst and following her death, for the benefit of the previously listed remaindermen. Frank Ferst and M. E. Kilpatrick have been deceased for a number of years.

Robert Ferst, the grantor's son, became a co-trustee pursuant to paragraph 15 of the trust agreement after he reached 21 years of age and acknowledged the duties of a co-trustee. Paragraph 15 further provided that "[a] majority of the trustees shall control in all matters." According to this paragraph, "[t]he trustees . . . shall be authorized to name successors hereunder for any Trustee or Trustees who may die . . . [but] are not required to appoint successors for such Trustees who may die. . . . Successor Trustees shall be appointed in writing by a majority of the surviving Trustees hereunder and shall qualify by acknowledgment in writing." Successor trustees were not appointed to succeed Frank Ferst and M. E. Kilpatrick after

their death.

On May 28, 1991, approximately one month prior to his death in June 1991, Robert Ferst appointed his spouse, Jeanne Ferst, as successor trustee, under the purported authority of paragraph 15 of the trust agreement, in the event that he became unable or unwilling to serve or to continue serving as trustee under the agreement. The record is devoid of any evidence that Helen Ferst, the sole remaining trustee at the time of the appointment of Jeanne Ferst, authorized in writing the appointment of Jeanne Ferst as a successor trustee.

"In construing trusts as well as other instruments th[e appellate] court[s] must interpret the language to effectuate the intent of the settlor within the guidelines of the law. . . ." *Perling v. C & S Nat. Bank*, 250 Ga. 674, 676 (1) (300 SE2d 649) (1983). In the instant case, the grantor specifically indicated in paragraph 15 of the trust agreement that a majority of the trustees shall control in all matters, including the appointment in writing of the successor trustees. Jeanne Ferst was not appointed by a majority of the two trustees living at the time of her appointment, but instead, was only appointed by her husband, Robert Ferst, as his successor. Moreover, the trust agreement did not contain a provision permitting a trustee to appoint his successor and only provided that trustees could appoint successors for deceased trustees.

The clear meaning of the language of the subject trust agreement is to authorize a majority of the *serving* trustees to appoint a successor for any deceased trustee. The authority to appoint does not arise until after the death of the trustee sought to be replaced and for that reason also, no trustee could possibly appoint his own successor while in life. The express language is unambiguous and creates a legitimate restriction on the appointment power of a trustee which this court must assume was intended by the grantor.

Appellant argues that OCGA § 53-12-172 (3) provides that a remaining co-trustee may act as if he or she was the only trustee in order to accomplish the purpose of the trust if a co-trustee is unable to act because of illness or other incapacity. This Code section became effective in July 1991, after Jeanne Ferst's appointment and after the death of Robert Ferst. For this reason and the fact that Robert Ferst was not authorized by the trust instrument to appoint his successor, OCGA § 53-12-172 (3) is inapplicable to the facts of this case. Based upon the language contained in the trust agreement, we conclude that the appointment of Jeanne Ferst was not in compliance with the clear and unambiguous terms of the trust agreement and was not authorized thereby. Accordingly, the trial court did not abuse its discretion in appointing Suzanne Ferst Bloom, Suzanne Ferst Renfrow, and Robin Ferst Howser, the daughter and grandchildren of Helen Ferst, the grantor's widow, as co-trustees of the trust agree-

ment.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MAY 24, 1993 —
RECONSIDERATION DENIED JUNE 8, 1993 

*Millkey & Associates, John M. Millkey*, for appellants.
Robin Ferst Howser, *pro se*.
Suzanne Ferst Renfrow, *pro se*.
*Doffermyre, Shields, Canfield & Knowles, Everette L. Doffermyre, Jr., Jane B. Long*, for appellees.