A99A2511. OVREVIK v. OVREVIK et al.
A99A2512. OVREVIK et al. v. OVREVIK.
(527 SE2d 586)

BLACKBURN, Presiding Judge.

These related cases concern the construction of a revocable inter vivos trust (the Trust) established by Sverre L. Ovrevik and Marie W. Ovrevik (Settlors) to support them during their lifetime and dis-

tribute property remaining after their deaths to their three children, Glenn S. Ovrevik, Alice M. Ovrevik and Russell L. Ovrevik, and their grandchildren. Since the deaths of Sverre and Marie Ovrevik, entitlement to the Trust property has been under contention.

Glenn Ovrevik, in his capacity as successor trustee of the Trust, filed a declaratory judgment action seeking direction regarding the discharge of his fiduciary responsibilities. Russell Ovrevik answered and filed a motion for partial summary judgment asking the trial court to: terminate the Trust; order the trustee to grant him certain realty accorded him under the Trust; order the trustee to account for and distribute his share of his parents' personal belongings; direct the trustee to disburse any funds that might remain; and require Alice Ovrevik and the trustee to each bear one-half responsibility for any expenses of the Trust that cannot be covered by Trust funds. The trial court granted partial summary judgment to Russell, and both Glenn and Alice appeal from that order.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Brown v. Ohio Cas. Ins. Co.*, 239 Ga. App. 251 (519 SE2d 726) (1999). So viewed, the record shows that the Trust was created for the use and benefit of Sverre Ovrevik and Marie Ovrevik. After the death of both Settlors, the declaration of Trust directed that the Trust property be divided as described in the Trust instrument.

Among other property, Glenn Ovrevik was to receive a home and acreage located in Fayette County, subject to a recorded lien of $40,500 in favor of his sister, Alice Ovrevik. Russell Ovrevik, among other property, was likewise to receive acreage located in Douglas County, subject to a $27,000 lien in favor of Alice. In addition to the liens, she was to receive all certificates of deposit, including interest, held in Barnett Bank in Fayetteville. Furthermore, Glenn and Alice were given "joint responsibility . . . for the equal adjustment of one-half each of any surplus or shortage of funds in the final closing of the [Trust]."

### Case No. A99A2511

In Case No. A99A2511, Alice Ovrevik claims entitlement to 21 percent of the fair market value of the realty owned by the Trust, rather than the fixed monetary amount of the liens described in the

declaration of trust. Alice Ovrevik appeals from the trial court's order which granted partial summary judgment to Russell Ovrevik, contending that the trial court erred by finding the Trust was unambiguous, by failing to resolve the ambiguities therein, by failing to properly determine the Settlors' intent and by determining that the Settlors' intent was to grant her fixed dollar liens on certain real estate rather than proportionate liens. We find that the language of the Trust instrument is unambiguous and expresses the Settlors' intent that Alice receive liens in a fixed amount.

1. In construing an express trust, we look first and foremost to the language therein and interpret that language to effectuate the intent of the settlors. *Ferst v. Ferst*, 208 Ga. App. 846, 847 (432 SE2d 227) (1993). We turn to parol evidence only if the trust instrument is ambiguous, and we find no ambiguity here. Each provision of the Trust which distributes the realty references only a fixed dollar amount. In the description of distribution to Glenn Ovrevik the Trust states "less a recorded lien of $40,500." The distribution to Alice Ovrevik states "[o]wner of lien, value $40,500" and "[o]wner of lien, value $27,000." The distribution to Russell Ovrevik states "less recorded lien of $27,000." Part 7, Attachment 1, Amendment 3.

Alice Ovrevik's argument that the Settlors intended for her to receive 21 percent of the fair market value of the realty is not supported by the Trust instrument. The only reference to such a percentage occurs in the context of a contingency distribution in the event that there was a reduction in funds from the time the Trust was established. That circumstance did not occur here; in fact, it is undisputed that the value has increased.

We do not find an intent to change the distribution in the event that the market value of the property increased, as Alice Ovrevik would have us do. The Settlors contemplated only a change in the distribution if there was a *reduction* in funds: "The inheritance and donations listed herein may be subject to possible future changes as outlined in Part 7, Amendment #4, Item #2 and Item #8, a, b, and c [(the reduction contingency)] and may thereby delete any or part of the inheritance and donations." To the contrary, if the trustee found there was no reduction in funds, the trustee was to "continue distribution of inheritance and donations as outlined." Further, absent any reduction in available funds, it was the Settlors' "hope that life will allow you to follow our original plan."

The trial court properly determined that the Trust unambiguously set forth the Settlors' intent for Alice Ovrevik to receive liens in a fixed amount from the distribution of the Trust property.

*Case No. A99A2512*

Glenn Ovrevik also appeals from the grant of summary judgment to Russell Ovrevik, contending that the trial court erred by: (1) failing to apply OCGA §§ 53-12-51 and 53-12-52 (c), (d); (2) failing to properly construe the Trust instrument; (3) misconstruing the purpose of the Trust; (4) failing to properly order distribution of the Trust property; and (5) finding Glenn Ovrevik and Alice Ovrevik jointly responsible for any shortage in the Trust funds. For the reasons discussed below, we affirm in part and vacate and remand in part.

2. In his first and second assertions of error, Glenn Ovrevik argues that the Settlors created a deed of beneficial interest under OCGA § 53-12-50 et seq., a business trust. However, to qualify as a business trust under the statute, the deed creating the estate

> shall provide for the improvement or development of the property covered thereby or for the acquisition of the property and the trustee or trustees therein named and their successors shall have some active duty to perform in and about the trust property or the management or control of the same.

OCGA § 53-12-51. We find no language in the Trust instrument expressing an intent to create a trust under OCGA § 53-12-50 et seq., and consequently the Trust is not governed by that statute.

3. In his third and fourth assertions of error, Glenn Ovrevik contends that the trial court misconstrued the purpose of the Trust and, as a result, erroneously found that the purpose of the Trust had been fulfilled and terminated the Trust. We disagree.

The Trust plainly states it was for the "use and benefit of: Sverre L. Ovrevik and Marie W. Ovrevik." Upon the death of one of the beneficiaries, the Trust existed for the use and benefit of the surviving spouse. After both Settlors had died, the Trust property was to be divided. As the sole purpose of the Trust was for the use and benefit of Sverre Ovrevik and Marie Ovrevik until their deaths, the trial court properly determined this purpose fulfilled after the death of Sverre Ovrevik, the last surviving beneficiary. See *Ivey v. Ivey*, 266 Ga. 143, 145-146 (5) (465 SE2d 434) (1996).

Although Glenn Ovrevik contends the purpose of the Trust has not been fulfilled, he points only to his failure to distribute certain Trust property. Distribution of the Trust property is an entirely separate matter from the fulfillment of the purpose. Having determined that the purpose of the Trust was fulfilled, the trial court properly terminated the Trust and ordered distribution of the Trust property

in accordance with the terms of the Trust. OCGA § 53-12-152 (a).

4. In his fifth assertion of error, Glenn Ovrevik contends that the order directing the distribution of the Trust property under OCGA § 53-12-152 (a) is incorrect with respect to the Douglas County property because the order did not conform to the Settlors' intent.

> The order shall specify the appropriate share of each beneficiary who is to share in the proceeds of the trust, taking into account the interest of any income beneficiaries and remainder beneficiaries, so as to conform as nearly as possible to the intention of the grantor, donor, settlor, or testator.

OCGA § 53-12-152 (a) (3).

The trial court ordered the trustee to "deed the Douglas County property in question to Defendants Russell L. Ovrevik [and his three children] within forty-five (45) days of this Order, subject to a lien in favor of Alice Ovrevik in the amount of $27,000."

The Trust directed the distribution of the Douglas County property to Russell Ovrevik

> less recorded lien of $27,000.00 to be affixed to the title of said property effective the date of the death of the last surviving grantor. There will be no interest on the lien for the first two year period following the date of said death. After that period four percent per annum interest on the lien will be charged. . . . If the property is sold the lien must be paid off in full at closing of the sale. If the property is not sold the lien must be paid off in full not later than four years from said date of death unless otherwise agreed upon in writing. . . . *When the lien is paid off the remaining value of the property shall be divided either physically or if sold in dollar values among Russell's three children and Russell as determined by Russell.*

(Emphasis supplied.)

The Trust unambiguously expresses the intent that Russell Ovrevik receive the property until the lien is paid off. However, we find the emphasized language ambiguous with regard to the intended distribution to Russell and/or his children after the lien is paid off. On the one hand, the phrase "as determined by Russell" may give him the discretion to decide whether some or all of his children receive a share of the property. On the other hand, it may give Russell the discretion to decide whether the property is divided physically or sold. Or, it may give him the discretion to decide both the beneficiaries and the form of distribution. Since we cannot determine the Settlors' intent on this matter, we cannot determine whether the

trial court's order conformed to that intent. Therefore, we vacate that portion of the trial court's order directing distribution of the Douglas County property to Russell Ovrevik and his three children. The case is remanded for the trial court to hear parol evidence to explain the ambiguity and determine the Settlors' intended distribution, after the lien is paid off, to Russell Ovrevik and/or his children. OCGA § 53-12-27.

5. In his sixth assertion of error, Glenn Ovrevik contends the trial court erred by finding him and his sister Alice Ovrevik liable for any debts incurred by the Trust. We agree.

In provisions addressing the distribution of the Trust property, the Trust provided that Glenn Ovrevik had "[j]oint responsibility with his sister Alice Ovrevik for the equal adjustment of one-half each of any surplus or shortage of funds in the final closing of the [Trust]." The Trust provided the same for Alice. The trial court ordered that "to the extent that any debts or expenses now exist in excess of remaining Trust funds [Glenn and Alice] shall share joint responsibility for said amounts."

We find these provisions ambiguous because, although they could be interpreted as the trial court ordered, we know of no authority by which a settlor can distribute the debts incurred by the trust to a beneficiary. A trust is responsible for its own expenses. Even a trustee is not generally personally liable on the debts of a trust, OCGA § 53-12-199 (b), and neither a trustee nor a beneficiary is personally liable on a judgment entered against a trust. Furthermore, in light of the Settlors' great effort to address distribution of the Trust property in the event of a shortage of Trust funds, the provisions could also be read to mean that Glenn's and Alice's shares of Trust property should be abated in the payment of debt in the unlikely event of a debt. Thus, we vacate that portion of the trial court's order finding Glenn Ovrevik and Alice Ovrevik liable for the debts of the Trust and remand for the trial court to hear parol evidence to explain the ambiguity and determine the Settlors' intent.

*Judgment affirmed in Case No. A99A2511. Judgment affirmed in part, vacated and remanded in part in Case No. A99A2512. Eldridge and Barnes, JJ., concur.*

DECIDED JANUARY 5, 2000 —
RECONSIDERATIONS DENIED JANUARY 28, 2000.

*Ballard & Ballard, Charles T. Ballard*, for Alice M. Ovrevik.
Glenn S. Ovrevik, *pro se*.
*Beck, Owen & Murray, James R. Fortune, Jr.*, for Glenn S. Ovrevik et al.

*Douglas B. Warner, Mark D. Oldenburg*, for Russell L. Ovrevik et al.