**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 15, 2016**

# In the Court of Appeals of Georgia

A16A0983. JACKSON v. NOWLAND et al.

RAY, Judge.

This appeal stems from the trial court's denial of appellant Jeffrey Jackson's request to terminate the Mary Jane Jackson Family Trust. On appeal, Jackson contends that the trial court erred in considering parol evidence and in failing to find that the trust should be terminated because it had "become impractical to effectuate the only remaining purpose for its existence." For the following reasons, we reverse.

Jackson is the last living child of Mary Jane Jackson (the "Settlor"). He is a beneficiary of the trust, as are his deceased sister's children, Wendy Poole Long and Douglas Poole. James Nowland is the attorney who prepared the trust documents at the Settlor's behest. Nowland is now the trustee of the trust at issue and also the appellee in the instant case. The Settlor died on March 9, 2014. When Nowland

refused Jackson's request to terminate the trust after the Settlor's death, this action ensued.

The dispute in this case turns on the interpretation of the termination clauses in the trust. The Settlor executed the trust at issue via two documents: a Short Form Memorandum of Trust (the "Memorandum") and a long-form Declaration of Family Trust (the "Declaration") on March 23, 2010. The Memorandum was recorded in Paulding County and Haralson County, with the Declaration incorporated by reference. The stated purpose of the trust is to

> hold the possessions, goods, properties and privileges of the grantor for the sole benefit of the grantor (Settlor) at the sole discretion of the Settlor for as long as the Settlor maintains and keeps this trust or until she dissolves this trust or until she has converted this trust to an irrevocable trust or until she has met her demise and to provide a means of holding and distributing her possessions, goods, properties and privileges to the beneficiaries of this trust after the Settlor's demise.

According to the terms discussing distribution of the trust after the Settlor's death, the trust was to "continue during the life of HER named family members and until her youngest named family members [sic] has reached the age of twenty-seven (27) years." The Declaration states,

> This trust *will not automatically terminate* when I have met my demise, but *will be terminated at the discretion of my trustee at any time after I have met my demise*. . . . It is intended that when Mary Jane Jackson has

2

met her demise, the assets remaining in this trust shall [be] held for the benefit of her child who is Jeffrey Jackson . . . and the offspring of her child, Sandra Poole[1] . . .

(Emphasis supplied) (hereinafter "trustee discretion clause"). The Declaration further states, at paragraph 6.04, that,

> *At such time as Settlor is deceased and all of the Settlor's named family members have (a) attained the age of twenty-seven (27) years or died prior thereto, the Trust, including any accumulated income, then shall terminate* and shall be distributed so as to fund the distributions so that all such shares shall be paid over and delivered to each then living family member of the Settlor[.]

(Emphasis supplied) (hereinafter "paragraph 6.04"). The Declaration also directs the trustee to dissolve the trust "at the death of the Settlor . . . as instructed above" and "at any time" before a rule against perpetuities problem arises. The trust documents include handwritten notations that divide the land, a house, and other property held in the trust between Jackson, Long, and Poole.[2]

At the hearing, Jackson argued that paragraph 6.04 controlled and that Nowland therefore had no authority to continue the trust. In response, Nowland

---

[1]Those offspring are Wendy Poole Long and Douglas Poole.

[2]Jackson named Nowland, Long, and Poole as defendants in this case, but neither side could locate Long and Poole prior to the hearing. They were served via publication, but did not answer or appear before the trial court.

3

presented parol evidence that the beneficiaries were all over the age of 27 at the time the trust was executed and argued that because of this, the trustee discretion clause governed the outcome of the case. Nowland also testified that based on conversations he had with the Settlor before her death, she would not have wanted the trust terminated if all three children could not benefit or if there was a likelihood that the land held in the trust would go to waste, be confiscated because of illegal drug activity by the beneficiaries, or have to be sold because of nonpayment of the taxes. The trust itself holds no funds to provide for its upkeep. Jackson has not paid rent to the trust for his use of the house and property, and Nowland has personally paid the taxes on the land held in trust.

The trial court found that the termination provisions in the trust Declaration were in conflict and ambiguous, and considered the parol evidence presented by Nowland on that basis. The trial court found the fact that the beneficiaries were all over the age of 27 at the creation of the trust supported Nowland's contention that the trustee discretion clause best expressed the Settlor's intent. The trial court reasoned that, given that the beneficiaries had all reached age 27 when the trust was created, the Settlor chose a trustee who was not a beneficiary because she wanted the trust to continue to protect the land from loss until the beneficiaries were ready to receive it.

4

The trial court found that the trustee discretion clause should govern and denied Jackson's petition to terminate the trust.

1. Jackson argues that the trial court erred in considering parol evidence because the terms of the trust were not ambiguous. Jackson contends that the proper interpretation of the trust language requires termination upon the death of the Settlor unless all of the beneficiaries have yet to reach age 27, in which case, the trustee's discretion would govern until that occurs, at which time the trust would terminate. After all the beneficiaries reached 27, the trust would terminate automatically. Because all the beneficiaries had surpassed 27 at the time of the Settlor's death, Jackson argues that the trial court's decision should be reversed and that the trust should be terminated. We agree.

> Broadly speaking, the terms of a trust are whatever the settlor intended them to be at the time of the creation of the trust so long as those terms are permitted by law. As with any contract, we look first to the language of the [t]rust documents themselves to determine [the settlor's] intent.

(Citations, punctuation, and footnote omitted.) *Rose v. Waldrip*, 316 Ga. App. 812, 815 (1) (a) (730 SE2d 529) (2012). Where there is any evidence to support the findings of the trial court, those findings will be upheld on appeal. Id. at 815 (1). Where there is an issue of law, and not of fact, the appellate court will apply the plain

5

legal error standard of review. Id. See also OCGA § 13-2-1 ("The construction of a contract is a question of law for the court").

Georgia statutory law is abundantly clear that the purpose of contract construction is to arrive at the intent of the parties. OCGA § 13-2-3. In interpreting an express trust, this Court "look[s] first and foremost to the language therein and interpret[s] that language to effectuate the intent of the settlor[]." (Citation omitted.) *Ovrevik v. Ovrevik*, 242 Ga. App. 95, 97 (1) (527 SE2d 586) (2000). As with the language of a contract, where the words of a trust leave the settlor's intent in question, ambiguity exists. See *Coleman v. Arrington Auto Sales & Rentals*, 294 Ga. App. 247, 249 (2) (669 SE2d 414) (2008). The court may turn to parol evidence for clarification only if it finds an ambiguity. *Ovrevik*, supra at 97 (1). Accord OCGA § 13-2-2 (1), (4). On its face, the language of the trust provisions at issue is not ambiguous and can be reconciled as Jackson contends. See *Strange v. Towns,* 330 Ga. App. 876, 878 (769 SE2d 604) (2015) (finding that trial court erred in considering parol evidence where seemingly contradictory language could be reconciled through interpreting the Settlor's intention via language used and rules of law).

Here, the trial court erred in finding an ambiguity with regard to the trust instruments' termination provisions and in considering parol evidence to interpret

6

those provisions. Absent parol evidence, the trustee discretion clause and paragraph 6.04 can be reconciled within the four corners of the trust instruments. Only when one considers the actual age of the beneficiaries at the time the trust was drafted does an ambiguity appear. The stated purpose of the trust is to hold the assets in the trust until the Settlor's demise. Paragraph 6.04 and other provisions direct the trustee to dissolve the trust at the death of the Settlor and indicate that the trustee's discretion is dependent on age parameters. The trustee discretion clause must be read in cohesion with these other provisions. See OCGA § 13-2-2 (4). Therefore, as Jackson argues, the trial court's consideration of parol evidence impermissibly "took away" paragraph 6.04 as well as other provisions. See OCGA § 13-2-2 (1). Where, as here, the intention of the Settlor could be derived using the text supplied by the trust documents and rules of construction, the trial court erred by considering parol evidence. See *Ovrevik*, supra; *Strange*, supra. Based on the foregoing, we reverse the trial court's order and find that the Mary Jane Jackson Family Trust should have been terminated.

2. Because of our determination in Division 1, we need not address Jackson's remaining enumeration.

*Judgment reversed. Doyle, C. J., and Andrews, P. J., concur.*

7