**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 20, 2023**

# In the Court of Appeals of Georgia

A22A1382. EWING et al. v. SCOTT.

MARKLE, Judge.

Ralph Lamar Ewing created a trust to benefit his family and several employees, and appointed employee Anne McKenzie Scott to serve as trustee.[1] After Ralph died, his son, Nickolas, and his wife, Dianne, filed a complaint for declaratory judgment, seeking to remove Scott as the trustee. They also requested an accounting and other equitable relief, attorney fees, and claimed Scott breached her fiduciary duty. The trial court concluded that the trustee would remain in place because Ralph's minor grandchildren and the employees named in the trust also had to agree to remove the trustee, but they had not. The court also found that Scott had complied with the

---

[1] The trust included a list of successor trustees and Scott was appointed after the previous trustee resigned.

request for an accounting, and it denied the claims for equitable relief, breach of fiduciary duty, and attorney fees. Nickolas now appeals, arguing that the trial court erred in finding that he and his mother did not have the sole authority to remove the trustee, and the trial court improperly failed to reach his other claims against Scott. For the reasons that follow, we affirm the trial court's order as to the claims for equitable relief and accounting; vacate the order with respect to the claim for breach of fiduciary duty, attorney fees, and as to the trial court's determination that Nickolas was not authorized to vote on the grandchildren's behalf; reverse the order with regard to the finding that the employees were entitled to vote on the trustee's removal; and remand the case for further proceedings.

"Where there is any evidence to support the findings of the trial court, those findings will be upheld on appeal. Where there is an issue of law, and not of fact, the appellate court will apply the plain legal error standard of review." (Citations omitted.) *Jackson v. Nowland*, 338 Ga. App. 614, 617 (1) (791 SE2d 190) (2016).

So viewed, the record shows that Ralph created a trust shortly before his death in 2019. The trust consisted of the main administrative trust and a business trust that was funded by Ralph's trucking business for the benefit of his family members and certain employees. Per the terms of the main trust, Ralph distributed certain real and

2

personal property to Dianne, Nickolas, and in trust to his minor grandchildren. In addition, Dianne and Nickolas were to receive regular monetary distributions from the business trust while the business continued to operate.

The remaining trust property, which included the business and its assets, was to be divided and distributed in shares to the family members and several employees after the business sold.[2] Nickolas and Dianne would receive their shares outright, and the minor grandchildren's shares were placed in a trust with instructions to distribute income and principal from the business trust, as well as the property trust, as needed for the grandchildren's health, education, or support.

The trust named the trustee and identified any successor trustees and provided for removal of a trustee with or without cause. Removal of the trustee required a unanimous decision by all the "income beneficiaries," as that term was defined in the document, and indicated that a minor's "parent or Legal Representative" could vote on the child's behalf.

---

[2] Two of the employees left the company, and their shares were redistributed to the grandchildren.

Shortly after Ralph died, Scott became the trustee. Nickolas and Dianne[3] filed a complaint for declaratory judgment, seeking to have the trial court declare that they were the sole income beneficiaries with the right to remove the trustee. They also sought to establish that even if the minor grandchildren qualified as income beneficiaries, Nickolas, as their father, had the authority to vote on their behalf.[4] They later amended the complaint to add a claim for breach of fiduciary duty, and to request an accounting, equitable relief in the form of access to records, and attorney fees.[5] They then filed another motion for declaratory relief, raising the same grounds.

---

[3] During the pendency of the case, Dianne passed away, and Nickolas was substituted as a party in this case as the administrator of her estate.

[4] They also sought to appoint their own trustee, but the trust itself lists successor trustees.

[5] A declaratory judgment action is the proper method for determining rights under the trust. *Sinclair v. Sinclair*, 284 Ga. 500, 501 (1) (670 SE2d 59) (2008); OCGA §§ 9-4-1 (purpose of the Declaratory Judgment Act is "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations[.]"); 9-4-4 (a) (declaratory judgment appropriate to determine questions arising under the estate); see also *Morse v. SunTrust Bank*, 364 Ga. App. 571, 572-573 (873 SE2d 238) (2022) (trust beneficiaries filed action for declaratory judgment to determine who was entitled to distributions from trust, and also filed a complaint alleging breach of fiduciary duty). We note that the trust contained a contest provision that barred any beneficiary from contesting the validity of the trust, but it does not bar the action taken here.

Nickolas later requested business records, bank statements, and other accounting documents, and the trial court ordered Scott to produce the trust's financial records. Nickolas then sought additional records from the business itself, seeking to show that Scott had been embezzling funds. The trial court initially ordered Scott to produce various requested documents, but later vacated that order.

The trial court considered parol evidence in the form of deposition testimony to determine Ralph's intent as to who qualified as an income beneficiary. The deponents, including several employees and an attorney who was present when Ralph executed the trust, testified that they believed Ralph intended to include the employees in that definition. The trial court thus found that the employees were income beneficiaries with the right to vote on removing a trustee. The trial court then determined that the minor grandchildren were also income beneficiaries, and that their mother, as the custodial parent, had the authority to vote on their behalf. Accordingly, the court rejected Nickolas's attempt to remove Scott as the trustee. With regard to the request for an accounting and equitable relief, the trial court ordered Scott to submit a copy of the business tax returns, which the court found satisfied the right to an accounting. The court noted equitable relief was not warranted because Scott had provided many of the documents requested. The court

5

also rejected the claim for attorney fees, and stated "any and all other prayers not responded to shall be DENIED." Nickolas moved for reconsideration, noting that the claim of breach of fiduciary duty was unresolved. The trial court denied the motion, and this appeal followed.

1. In related enumerations, Nickolas argues that the trial court erred in finding ambiguity in the trust and considering parol evidence; concluding that the employees and minor grandchildren were also income beneficiaries; and refusing to remove the trustee. He further argues that, even if the grandchildren are income beneficiaries, the trial court erred in concluding that he lacked authority to vote on their behalf. We agree that the trial court erred in determining the proper income beneficiaries.

> Broadly speaking, the terms of a trust are whatever the settlor intended them to be at the time of the creation of the trust so long as those terms are permitted by law. As with any contract, we look first to the language of the trust documents themselves to determine the settlor's intent.

(Citation and punctuation omitted.) *Jackson*, 338 Ga. App. at 617 (1). "[I]n construing an express trust, . . . we look first and foremost to the language therein to effectuate the intent of the settlor, and we turn to parol evidence *only* if the trust instrument is ambiguous. . . . [T]he existence or nonexistence of an ambiguity is a question of law

6

for the court." (Citations and punctuation omitted; emphasis supplied.) *Callaway v. Willard*, 351 Ga. App. 1, 5-6 (2) (830 SE2d 464) (2019); see also OCGA § 53-12-27 (permitting parol evidence to explain ambiguities). With these standards in mind, we turn to Nickolas's arguments on appeal.

a. *Income beneficiaries*.

Because the removal of the trustee requires the unanimous consent of all the income beneficiaries, the trial court's ruling as to who qualified as one was critical. The trial court appears to have considered the trust ambiguous, and thus considered parol evidence to determine the income beneficiaries. But we do not agree that the trust was ambiguous with regard to income beneficiaries.

The term "income beneficiaries" is defined in the trust as "any beneficiary who is *then entitled to receive distributions* of the trust's net income, whether mandatory or discretionary." (Emphasis supplied.) The trial court essentially ignored this definition and substituted the statutory definition in its place. See OCGA § 53-12-381 (5) (defining income beneficiary as "a person to whom net income of a trust is or *may be* payable.") (emphasis supplied). But this we cannot do. We must apply the definition set forth in the trust, and, when we do so, we conclude that the

7

grandchildren qualify as income beneficiaries.[6] The employees do not. See *Jackson*, 338 Ga. App. at 617 (1); see also *Heiman v. Mayfield*, 300 Ga. App. 879, 881-882 (1) (686 SE2d 284) (2009) (same); *Beecher v. Hall*, 224 Ga. 823, 825-826 (1) (165 SE2d 155) (1968) ("If the will uses words which have a well-settled, definite meaning in the law, *and there is nothing in the will itself to indicate that it was the intention of the testator that such words should be given any other meaning* than that which the law gives them, then it is to be presumed that it was the intention of the testator that the words should be construed in that sense in which the law would ordinarily construe them.") (citation omitted; emphasis supplied); see also OCGA § 53-12-7 (a).

　　i. *Grandchildren*.

Under Article 7.02 of the trust, the minor grandchildren received real property held in trust for them. In Articles 8 and 9, the minor grandchildren were to receive shares of the business, once it sold. The trustee was directed to "administer any property directed to [the grandchildren] in Article 7 as well as the share set aside for [them] in [Article 9.04 and 9.05] as provided in this section." "[T]his section," in turn, authorized the trustee to give the grandchildren distributions from the income or principal of the trusts for their support or education. Moreover, the minor

---

[6] There is no dispute that Nickolas and Dianne were income beneficiaries.

grandchildren were entitled to their distribution from the real property even if the business trust had not terminated. Because they were *then entitled* to receive distributions, regardless of whether the business trust had terminated, the minor grandchildren qualified as "income beneficiaries" under the trust.

ii. *Employees*.

Although Ralph clearly intended the business trust to benefit his employees, as set forth in Articles 8 and 9 of the trust, he limited their access to its distributions by providing that they were only entitled to their shares if they were still employed with the business at the time the business was sold and the trust terminated. Thus, while the business remained operational, the employees did not receive any distribution from the business trust.[7] Because the employees were not *then entitled* to receive anything from the trust's income, they did not qualify as income beneficiaries, and the trial court erred in ruling otherwise.

The trial court based its ruling on the deposition testimony that Ralph intended the employees to have a vote in the removal of the trustee. But the trial court erred in considering any parol evidence because the trust is not ambiguous with regard to this

---

[7] The fact that the employees received paychecks from the business does not render them income beneficiaries under the definition in the trust. *Jackson*, 338 Ga. App. at 617 (1).

provision. *Callaway*, 351 Ga. App. at 5-6 (2); see also OCGA § 53-12-27; *Galland v. Reuben*, 155 Ga. 293 (116 SE2d 302) (1923) (settlor's intent is determined from the instrument as a whole). Accordingly, we must reverse the trial court's ruling that the employees were income beneficiaries.

b. *Authority to vote for minor grandchildren.*

Nickolas next contends that, if the minor grandchildren qualified as income beneficiaries, the trial court erred in finding that he could not vote on their behalf. We conclude that the trust was ambiguous with respect to this provision.

Under the terms of the trust, "a minor . . . beneficiary's parent *or* Legal Representative may act on his . . . behalf." (Emphasis supplied.) A minor beneficiary's "Legal Representative" is then defined in the trust as "the beneficiary's parent or another adult with custody of the beneficiary[.]" The use of "or" in this context is disjunctive, and the language "parent *or* Legal representative" here leaves

10

two alternate possibilities.[8] See Merriam-webster.com/dictionary/disjunctive (last visited Jan. 9, 2022).

As a result, the language in this provision regarding who may vote on a minor beneficiary's behalf creates a latent ambiguity. *Luke v. Luke*, 356 Ga. App. 271, 272-273 (2) (846 SE2d 216) (2020) ("A patent ambiguity is one that appears on the face of the [trust], whereas a latent ambiguity is one that is not apparent on the face of the [trust], but only appears when the words of the [trust] are put into operation.") (citation omitted); see also *Ovrevik v. Ovrevik*, 242 Ga. App. 95, 99 (4) (527 SE2d 586) (2000) (trust was unambiguous with respect to who would receive property now but was ambiguous as to who would receive it later); *DeMott v DeMott*, 353 Ga. App. 190, 192-193 (836 SE2d 612) (2019) (physical precedent only) (use of interchangeable words with multiple definitions created ambiguity). There is no dispute that Nickolas is the minor beneficiaries' parent. But it also appears that their mother currently has sole legal custody of them and thus would be their legal

---

[8] Although the trust contemplates that "the word *or*, when used in a list of more than two items, may function as both a conjunction and a disjunction as the context requires," it does not give any guidance as to its intended meaning when used in a sentence with only two items. We thus apply the disjunctive usage of the term. *Jackson*, 338 Ga. App. at 617 (1) (clear language of trust is evidence of settlor's intent).

representative. In the face of this latent ambiguity, the trial court was permitted to consider parol evidence to determine Ralph's intent. *Luke*, 356 Ga. App. at 272-273 (2); *Ovrerik*, 242 Ga. App. at 99 (4); see also OCGA § 53-12-27.

Here, the trial court considered parol evidence that the mother had custody of the minor beneficiaries because Nickolas was currently incarcerated, but it did not consider that evidence to determine *Ralph's intent*, which is the only permissible use of the parol evidence. Thus, we must vacate the trial court's determination as to who was authorized to vote on the grandchildren's behalf, and remand for the trial court's reconsideration of this issue. In doing so, the court may consider parol evidence to determine Ralph's intent as to whether Nickolas had authority to vote on behalf of his minor children with regard to the removal of the trustee.

2. Nickolas next argues that the trial court erred by summarily dismissing his claims for breach of fiduciary duty, equitable relief, and attorney fees prior to discovery. Although the trial court properly denied the requests for accounting and equitable relief, we agree that it was premature for the trial court to deny the claims for breach of fiduciary duties and attorney fees.

As to Nickolas's claims of breach, Nickolas alleged that Scott had a conflict of interest as trustee, as she gave herself a raise and hired a driver who had a record

12

of safety violations, and that she breached her duties as both an officer of the business and as the trustee. He contended that this was another ground to remove Scott as trustee.

To state a claim for breach of fiduciary duty, Nickolas must show "(1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach." (Citation and punctuation omitted.) *Schinazi v. Eden*, 338 Ga. App. 793, 798 (3) (a) (792 SE2d 94) (2016). A trustee may breach a fiduciary duty by violating "any duty that the trustee owes the beneficiary[.]" OCGA § 53-12-300; see also *Kahn v. Britt*, 330 Ga. App. 377, 382 (3) (765 SE2d 446) (2014).

Importantly, there was no motion to dismiss or for summary judgment pending before the trial court when it denied this claim.[9] Although a trial court may sua sponte *dismiss* a claim for failure to state a claim, the trial court here *denied* the claim.

---

[9] We note that the trust contains a conflict provision that permits Scott to run the business while also serving as trustee and being named as a beneficiary of the residual. On appeal, Nickolas asserts that discovery was necessary to evaluate the breach, and such discovery would have shown that Scott used company funds in casinos. The record demonstrates that Nickolas received all the financial documents he requested, and it is unclear what further discovery was necessary. Cf. *Govindasamy v. Wells Fargo Bank*, 311 Ga. App. 452, 453-454 (2) (715 SE2d 737) (2011) (trial court may rule on summary judgment motion before discovery period ends where respondent had not shown that he unable to respond without additional discovery); see also *Bell v. Freeport Title & Guaranty*, 355 Ga. App. 94, 96-97 (1) (842 SE2d 565) (2020).

*Roberts v. DuPont Pine Products*, 352 Ga. App. 659, 661 (2) (835 SE2d 661) (2019).

Moreover, if the trial court considers evidence outside the pleadings, it has granted

summary judgment, which requires that notice and an opportunity to respond be given

to the parties. Id. at 661 (1); *McIntyre v. Moss*, 350 Ga. App. 723, 730 (2) (830 SE2d

262) (2019). Because it appears that the trial court prematurely ruled on the merits of

this claim, without notice to the parties, it was error for the trial court to summarily

deny it.[10]

Turning to Nickolas's claims for accounting and equitable relief related to the

production of documents, as the trial court properly found, all that the trustee was

required to provide by way of an accounting was a copy of the business's tax returns.

The record shows that the trial court ordered Scott to submit the tax returns, and she

complied. Moreover, the trust permits the trustee to determine what records to make

available. Nevertheless, it appears that Scott submitted business records, but could

not produce other records that Nickolas requested because they did not exist. Based

on these facts, the trial court properly determined that the claims for an accounting

[10] Although the trial court held multiple hearings with both parties present, the content of those hearings did not address the merits of the breach of fiduciary duty. Moreover, in their various briefs and responses, the parties focused on the issue of who qualified as an income beneficiary and removal of the trustee, and did not make any argument regarding the claim of breach.

and for other equitable relief were moot. *Hillcrest Foods v. Mikeals*, 359 Ga. App. 529, 531 (859 SE2d 510) (2021) ("When the act that is the subject of the requested relief is completed, then the matter is moot.") (citation and punctuation omitted).

Finally, although Nickolas sought attorney fees under OCGA § 13-6-11 on the ground that Scott acted in bad faith and was stubbornly litigious, the trial court determined that attorney fees were not warranted. Under OCGA § 13-6-11, attorney fees may be warranted "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense[.]" Given our conclusion that it was premature to deny the breach of fiduciary duty claim, we must vacate the trial court's order with regard to the attorney fees, and remand for further consideration. *Kahn*, 330 Ga. App. at 392-393 (8).

Accordingly, for the foregoing reasons, we affirm the trial court's denial of the claims for accounting and equitable relief; we vacate the trial court's determination that Nickolas was not authorized to vote on behalf of the minor beneficiaries, its sua sponte denial of the breach of fiduciary duty claim, and the denial of the claim for attorney fees; we reverse the trial court's conclusion that the employees were income beneficiaries entitled to vote on the removal of the trustee; and we remand the case for further proceedings consistent with this opinion.

15

*Judgment affirmed in part, reversed in part, vacated in part, and case remanded. Dillard, P. J., and Mercier, J., concur.*